William K. Price, III, and Virginia H. Price, Husband and Wife v. Commissioner.
Price v. Commissioner
Docket No. 82213.
United States Tax Court
T.C. Memo 1961-173; 1961 Tax Ct. Memo LEXIS 174; 20 T.C.M. (CCH) 886; T.C.M. (RIA) 61173; June 15, 1961
*174 Petitioner spent $958.62 for the support of his minor son in 1956. Held, he has failed to prove that this amount constituted over half of the child's support in that year. William K. Price, III, pro se, 170 W. Shelley Dr., Claymont, Del. Albert Squire, Esq., for the respondent. MULRONEY Memorandum Findings of Fact and Opinion MULRONEY, Judge: The respondent determined a deficiency of $132 in petitioners' income tax for the year 1956. The only issue is whether petitioner William K. Price, III, furnished over half of the support of his minor son in the year in question. Findings of Fact Some of the facts have been stipulated and they are found accordingly. Petitioners William K. Price, III, and Virginia H. Price are husband and wife and live in Claymont, Delaware. They filed a joint income tax return for the year in question with the district director of internal revenue at Philadelphia, Pennsylvania. [1] William K. Price, III, will hereafter be referred to as petitioner. *175 Petitioner and his former wife, Audrey L. Price Short, were divorced in 1949. They had one child, Richard, who was born in February 1947. Richard lived with his mother during 1956. Pursuant to the order of a Delaware Court, petitioner paid Audrey $780 for Richard's support in 1956. In addition, he contributed the following amounts to Richard's support in that year: Entertainment during 46 visits
$ 92.00
Christmas and birthday presents
28.00
Eye examination and eye glasses
28.00
Dental bill
11.00
Medical insurance premiums
15.12
Medical bill
4.50
Total
$178.62 The total support furnished by petitioner for Richard in 1956 was $958.62. Both Audrey and petitioner claimed Richard as a dependent on their 1956 income tax returns. Audrey had not done so prior to that year. In January 1957 she told petitioner that she was going to claim Richard as a dependent on her 1956 tax return. Soon after that she began to reconstruct the amount of Richard's support for 1956. The reconstruction, based in part on receipted bills and in part on her estimates, is as follows: Expenses Constituting Support for
Richard B. Price, 1956
Monthly Household Expenses
$1,350.00
Fair rental value of home
(9 Mos. @ $150.00)
67.18
Telephone - 12 Mos.
$1,417.18
Total - 1/2 applicable to
Richard
$ 708.59
$ 50.00
Monthly board - Richard -
3 Mos.
150.00
Weekly Expenses
$ 22.00
Milk at school - 44 Wks. @
50"
52.00
Allowance - 52 Wks. @
$1.00
100.00
Evening sitter service for
50 Wks.
22.00
Dry cleaning - 44 Wks @
50"
380.00
Food @ $10.00 per Wk. -
38 Wks.
$ 576.00
576.00
Monthly Expenses
$ 24.00
Scouts @ $2.00 per Mo.
9.00
Miscellaneous school ex-
penses
25.00
Haircuts @ $2.00 per Mo.
24.00
Childrens' birthday par-
ties, etc. @ $2.00 per Mo.
60.00
Laundry @ $5.00 per Mo.
$ 142.00
142.00
Yearly Expenses
$ 150.00
Camp for 2 weeks and
vacation at the shore
252.00
Clothing
25.00
Sheets, pillow cases, towels,
bedspreads, etc.
6.50
Weekly Reader and Book
Club
26.00
Music lesson
20.00
Warts removed January
and May (Dr. Wyman)
3.00
Physical for Camp (Dr.
Ellis)
3.00
Polio shot (Dr. Nymetz)
12.00
Ivy poison innoculation
(Dr. DeLaites)
8.00
Bicycle repairs
20.00
Movies, swimming parties,
Weinie roasts, etc.
75.00
Miscellaneous toys, Christ-
mas and birthday
158.60
Gasoline and car expenses
(1/2 of total for Richard)
10.00
Shoe repairs
34.35
Medicines
52.00
Church contributions to-
ward Sunday School
25.00
Dentist (Dr. Nacrelli)
$ 880.45
880.45
Total support expenses of
Richard B. Price
$2,457.04
*176 Substantially all of Richard's support in 1956 was furnished by Audrey and petitioner. Opinion With the amounts petitioner contributed stipulated ($958.62), the issue is the total amount expended for Richard's support in 1956. Petitioner has the burden of establishing he furnished over half of Richard's support, which includes establishing the total amount expended for the child's support. James H. Fitzner, 31 T.C. 1252. He adopts Audrey's itemized reconstruction as showing her expenditures and then reduces or eliminates some of the items. Audrey's reconstruction shows a total of $2,457.04, which she testified was the total amount expended by her for Richard's support in 1956. Many of the items in her reconstruction are her estimates and much of petitioner's testimony and evidence was designed to show Audrey overestimated amounts for housing, clothing, food, sitter service, laundry, vacation expense, car expense, and church contributions. On brief petitioner argues that when these alleged overestimations are reduced to what he considers would be proper amounts and some items he assails as nonsupport items eliminated, the total amount spent by Audrey for his son's *177 support would be no more than $1,600. Adding what he spent directly for Richard's support ($178.62) makes a total of $1,778.62, which, under petitioner's argument, is the total sum expended for Richard's support during 1956. In his reply brief he argues this should be reduced to $1,713.77 by consideration of an additional "correction." Some of the items in Audrey's reconstruction might have been overestimated. But we do not agree the reductions should be as great as petitioner contends. We need not discuss all of the items for it is obvious petitioner's burden was to establish a sum of total expenditures for the year 1956 for Richard's support that would be less than $1,917.24 (twice $958.62, the amount stipulated he expended). Petitioner's argument for the $1,713.77 figure is based partly on eliminating the items in Audrey's reconstruction of $100 for "Evening sitter service"; $60 for "Laundry @ $5.00 per Mo.", and cutting the item of $252 for "Clothing" in half. We hold all three items includible as support items for Richard in the amounts stated in Audrey's reconstruction. Petitioner does not object to the amounts in the first two items. He merely makes a one sentence statement *178 in his brief with respect to each item to the effect that each expenditure represents a "personal expense" of Audrey. Audrey explained the sitter expense was for a sitter when she went out in the evening and left Richard at home. She also stated she had a laundry lady who came once a week to whom she paid $5 a week and she allocated $5 a month of this to Richard's support. She testified the clothing amount was made from a list she made up in 1957 which listed "every piece of clothing that he had gotten in 1956" and what she had spent for each item. She was not asked to produce the list and petitioner's argument that the clothing estimate is excessive is based on the testimony of his mother who said she usually saw Richard about once a week. Petitioner's mother said she worked in a children's shop and from her observation she "didn't think he was well dressed as he might have been * * * he was not dressed in expensive clothes." We uphold the clothing expense in the sum of $252. The conclusion we reach in the above paragraph as to three of the items that petitioner disputes is sufficient to dispose of the case. When the total of the two items petitioner eliminates and the one-half *179 of the clothing item are added to the amount petitioner admits ($1,713.77), it raises the total of Richard's support to $1,999.77. The record supports a higher figure but this is sufficient for us to hold petitioner failed in his burden to show the total expenditures for Richard's support were less than $1,917.24, or in other words, that his contribution of $958.62 was more than half of Richard's support for the year in question. Decision will be entered for the respondent. Footnotes
1. Petitioners' income tax return for the year in question is not in evidence. The information preceding this footnote number is alleged in the petition and admitted in the answer.↩