Leo H. Rogers and Gracie C. Rogers v. Commissioner.
Rogers v. Commissioner
Docket No. 85747.
United States Tax Court
T.C. Memo 1962-178; 1962 Tax Ct. Memo LEXIS 129; 21 T.C.M. (CCH) 987; T.C.M. (RIA) 62178; July 26, 1962
Harold P. Knight, Esq., 527 Frank Nelson Bldg., Birmingham, Ala., for the petitioners. Glen W. Gilson, II, Esq., for the respondent. TURNER Memorandum Findings of Fact and Opinion TURNER, Judge: The respondent determined deficiencies in income tax against the petitioners for the taxable years 1957 and 1958 in the respective amounts of $132 and $116.44. The only issue presented is whether petitioners are entitled to a dependency exemption for the daughter of petitioner Leo H. Rogers. Findings of Fact Some of the facts have been stipulated and are found as stipulated. Petitioners are husband and wife and are residents of Birmingham, Alabama. They filed their joint *130 income tax returns for the taxable years 1957 and 1958 with the district director of Alabama. Petitioners' adjusted gross income for 1957 was $9,520.20 and for 1958 it was $12,622.62. Leo H. Rogers, hereafter referred to as petitioner, and his former wife, Jo Ann, were granted a divorce on March 2, 1956. She was granted the custody of their daughter Linda, who was then 11 years of age, with petitioner having certain visitation rights. Petitioner agreed to pay the sum of $75 per month to Jo Ann, starting March 1, 1956, for the support, maintenance and education of Linda. On each of the returns for the taxable years in question Linda was reported by petitioners as a dependent, as also was Leo H. Rogers, Jr., their son. In 1956, Jo Ann was married to Albert M. Pichelmayer, Jr., and they have contended that they contributed more than half of the support of Linda for the years 1957 and 1958. Respondent has disallowed Linda as a dependent of petitioners. During 1957, petitioner paid Jo Ann the sum of $675 for the support of Linda. During the year he also expended for Linda's support, the following sums: Dental bill, $12.50; hospital insurance, $20.40; clothing, $40; and transportation, *131 $50. In addition, petitioner contributed the full support of Linda for a period of at least 120 days of the year when Linda stayed at his home. During 1958, petitioner contributed support for Linda by cash payments to Jo Ann in the aggregate amount of $900, plus hospital insurance of $20.40 and transportation of $50. In addition, Linda stayed at petitioner's home for approximately 60 days during 1958. During 1957 and 1958, Jo Ann and her husband, Albert, were both employed and during each year their gross income was between $10,000 and $11,000. Jo Ann's salary during 1958 was approximately $3,300. In 1957 Albert was a substitute road clerk of Postal Transportation, formerly referred to as railway mail clerk of the Post Office Department. He was subject to call for duty out of the city when needed, and during 1957 was on duty away from home 147 days. He had the same status until May 1958, at which time he became a regular clerk and he was away from home four out of every eight days. During the entire year of 1958 he was on duty, out of the city, a total of 164 days. During the year 1957 and into May of 1958, Jo Ann and Albert lived in an apartment at 4131 Fourth Avenue South in *132 Birmingham, the fair rental value of which was $69.50 per month. They purchased a house for $15,800 at 4216 Seventh Avenue South, into which they moved in May 1958. The house was located a few blocks from the apartment. The fair rental value of the home was $125 per month. Except for the days spent with her father, Linda lived in the apartment and the home with her mother and stepfather. During 1957 and 1958, the Pichelmayers incurred bills for utilities as follows: Electricity
Water
Gas
Total
1957
$ 63.63
$18.82
$88.31
$170.76
1958
105.17
25.92
96.59
227.68
They also incurred expenses for other services that included telephone, sewer, insect extermination and newspapers. Besides furnishing Linda with shelter and utilities, they purchased food and clothing for her; they paid for medical care, health insurance, cleaning, laundry and alterations, furniture and furnishings, transportation, school expense, entertainment and allowance, and jewelry and other miscellaneous items. The total of the cost of Linda's support during 1957 was approximately $2,200, of which petitioner contributed less than one-half. The total of the cost of Linda's *133 support during 1958 was approximately $1,950, of which petitioner contributed more than one-half. Opinion The only issue is whether petitioner contributed more than one-half of the total support of his daughter, Linda, by a former marriage, during each of the taxable years 1957 and 1958 so as to qualify her as a dependent within the meaning of section 152(a)(1) of the Internal Revenue Code of 1954. [1]
Petitioner has the burden not only of establishing the amount he contributed toward the support of his daughter in each of the taxable years, but he must show that his contribution exceeded one-half of her total support. Aaron v. Vance, 36 T.C. 547; James H. Fitzner, 31 T.C. 1252. Petitioner did not testify. However, the parties have stipulated that in 1957 petitioner contributed the amount of *134 $797.90 to the support of Linda, plus her support during the period of 120 days when Linda stayed at his home, and for 1958, the amount of $970.40, plus her support for the 60 days during which she stayed at his home. Jo Ann, called as a witness by petitioner, testified as to amounts she spent in support of Linda during each of the two years. Some of her testimony appeared to be based on records she and her husband had kept or which she had obtained. She testified as to specific amounts that had been paid each month for groceries. Her testimony on clothing purchased for Linda was based on records she had obtained from three named stores. She produced receipts or statements which showed her expenditures for doctors and drugs. The rental value of her apartment and her home was stipulated, as were the gas, water and electricity bills. She appeared to have kept a record of telephone expense and expenses of other services. She appeared also to have kept account of Linda's school expense. As to expenses for transportation, furniture and furnishings, and entertainment and weekly allowance, her testimony was based on estimates. Certain it is that Jo Ann had an interest income-tax-wise *135 in Linda as a dependent, and it was patent to the Court during her testimony that she was not forgetful of that fact. Petitioner has accepted her testimony as to some items of her support for Linda, but in the place of proof as to other items he merely argues that they are unreasonable and should not be accepted. The burden of proof is on petitioner, and argument is not proof. We listened to the testimony and examined and considered the evidence of record, and in our findings and conclusion we have given the petitioner the benefit of the items and amounts which we feel have been established of record. We are not inclined to accept the allocation either party made for Linda's food. However, with the most favorable allocation for petitioner in 1957, we fail to find that he supplied as much as one-half of Linda's support in that year. Consequently, he is not entitled to the dependency credit for that year. The difference between Jo Ann's and petitioner's support for Linda during 1958, according to Jo Ann's computation, is small, and that is due apparently to an improper allocation of food. We have found that Linda required $1,950 for her support in 1958 and, as it is stipulated that *136 petitioner expended $970.40 toward Linda's support, plus the amounts expended during the 60 days she stayed at his home, he did contribute more than one-half toward Linda's support in 1958. He is therefore entitled to the dependency credit for 1958. Decision will be entered under Rule 50. Footnotes
1. SEC. 152. Dependents Defined. (a) General Definition. - For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer * * *: (1) A son or daughter of the taxpayer * * *↩