John J. Mora v. Commissioner.
Mora v. Commissioner
Docket No. 3011-62.
United States Tax Court
T.C. Memo 1964-122; 1964 Tax Ct. Memo LEXIS 218; 23 T.C.M. (CCH) 709; T.C.M. (RIA) 64122; April 30, 1964
Norwood N. Hingle, Jr., Nat'l Bank of Commerce Bldg., New Orleans, La, for the petitioner. Marvin T. Scott, for the respondent. TURNER Memorandum Findings of Fact and Opinion TURNER, Judge: The respondent determined a deficiency in income tax against the petitioner for the taxable year 1960 in the amount of $156. The only issue presented is whether the petitioner is entitled to a dependency exemption for his son. *219 Findings of Fact Some of the facts have been stipulated and are found as stipulated. The petitioner is a resident of New Orleans, Louisiana. He filed his income tax return for the year 1960 with the district director of internal revenue at New Orleans. In 1940, the petitioner was married to Erna Joel Peterson. A son, John Lance, was born of the marriage on August 21, 1941. He is generally referred to as Lance. The petitioner and Erna were divorced on April 29, 1946. Under the divorce decree, custody of Lance was granted to Erna and the petitioner was ordered to pay $40 per month to Erna for support of the child. By a court order which became effective June 1, 1959, the support payments were increased to $100 per month. During 1960 Lance was supported solely by the petitioner and Erna. The petitioner's total contribution toward Lance's support during that year consisted of $1,200 in payments made pursuant to the court order. At no time during 1960 did Lance reside with the petitioner. From the beginning of the year until his graduation at the end of May, he was a boarding student at St. Stanislaus, a high school for boys located in Bay St. Louis, Mississippi. From the *220 middle of September through the end of the year, he attended Louisiana State University at Baton Rouge, Louisiana, and lived on the campus. During vacations and on weekend visits during the school year he resided with Erna and her mother in a three-bedroom brick house located in Metairie, Louisiana, a suburb of New Orleans. The house was built in 1951 with funds supplied by both Erna and her mother, less than half of such funds being supplied by Erna. Title to the house was in the name of the mother. Erna and her mother each occupied one of the bedrooms, and Lance occupied the third bedroom when he was at home. Erna wrote checks to her mother totaling $1,653.10 in 1960 to help defray household expenses. During the portion of 1960 while Lance was attending St. Stanislaus, Erna paid that school $658.96 for Lance's room, board, tuition, books and laundry, and also wrote a check to Lance for $25. Erna later paid $10 to Louisiana State University for Lance's registration fee. During the portion of 1960 while Lance was attending the university, Erna wrote checks totaling $645 to Lance, from which he paid for his tuition, room, meals, books, laundry, cleaning and other expenses. She *221 also paid $50.25 to Alpha Tau Omega fraternity and $10 to the Catholic Student Center. Erna purchased food and clothing for Lance and also paid for his medical care, health insurance, cleaning, laundry, haircuts, furniture, transportation and other expenses. Erna made the foregoing expenditures from the amounts paid to her by the petitioner and from her own personal funds. Both the petitioner and Erna claimed a dependency exemption for Lance on their respective returns for the year 1960. In his determination of deficiency herein, the respondent disallowed the dependency exemption claimed by the petitioner. The total cost of Lance's support during 1960 was in excess of $2,400. Opinion The issue in this case is whether the petitioner contributed more than half of the support of his son, Lance, during 1960 so as to constitute Lance a dependent, within the meaning of section 152(a)(1) of the Internal Revenue Code of 1954, and thereby entitle the petitioner to a $600 dependency exemption for him under section 151(e). The petitioner has the burden of showing that the amount contributed by him toward his son's support during the taxable year exceeded *222 one-half of the total support. Aaron F. Vance, 36 T.C. 547; James H. Fitzner, 31 T.C. 1252. The parties have stipulated that the petitioner's total contributions toward Lance's support during 1960 consisted of the $1,200 in support payments made to Erna for Lance's benefit pursuant to the court order. Therefore, the petitioner is entitled to the dependency exemption if he has established that the total amount of Lance's support during the year was less than $2,400. Erna was called as a witness by the petitioner and testified as to amounts she claimed were expended for Lance's support. Her testimony was supported in part by a schedule of certain canceled checks for 1960, which was introduced as a joint exhibit. The schedule showed that Erna paid $1,653.10 to her mother during 1960. Erna gave testimony regarding the expense-sharing arrangements under which these payments were made. This testimony was vague and at times inconsistent, and the parties disagree as to the proper interpretation to be given to it. As a result, the figures that each would consider to be the proper amounts for Lance's food and lodging while at home are widely divergent. Erna's *223 testimony as to Lance's expenses at school and the amounts spent for his clothing, medical care, health insurance, and furniture was also based on the canceled checks listed in the schedule. The amounts she claimed to have spent for Lance's cleaning, laundry, haircuts, transportation and other expenses were based largely on estimates. The petitioner has accepted Erna's testimony as to some items of support, but disputes other items even though no evidence was introduced to contradict Erna's testimony. In place of proof as to the disputed items, he merely attempts, by argument on brief, to reduce the amounts to which Erna testified. For example, he contends, without proof, that certain checks which Erna testified were written to pay for Lance's clothing may have actually been written in payment for clothing for Erna herself. Likewise, the petitioner contends that certain checks written during January 1960 for various support items were for 1959 expenses. He also disputes Erna's testimony that practically all of the $645 which she paid to Lance while he attended Louisiana State University was expended by Lance for his tuition, room, meals, books, laundry, cleaning and other support *224 expenses. [1]
Erna, of course, had a personal interest in the outcome of this litigation, having claimed Lance as a dependent herself, and her testimony indicated her awareness of that fact. The burden of proof is on the petitioner, however, and, difficult as it may be for him to sustain his burden in a situation such as this, argument is not a substitute for proof. Having considered the evidence before us, it is our conclusion that petitioner has not carried his burden of showing that he furnished more than half of the amount expended for Lance's support in 1960. To the contrary, the evidence persuades us that he did not, and we have found the facts so to be. Decision will be entered for the respondent. Footnotes
1. Erna testified: "If there was anything left, it was probably under $5."↩