Michael Troiano v. Commissioner.
Troiano v. Commissioner
Docket No. 2336-63.
United States Tax Court
T.C. Memo 1964-235; 1964 Tax Ct. Memo LEXIS 102; 23 T.C.M. (CCH) 1418; T.C.M. (RIA) 64235; September 9, 1964
Michael Troiano, pro se, 35 Grove St., North Plainfield, N. J. Robert E. Shapiro, for the respondent. TRAIN
Memorandum Findings of Fact and Opinion TRAIN, Judge: Respondent has determined a deficiency in petitioner's 1961 income tax of $221.74. At issue is the disallowance by respondent of two dependency exemptions and a portion of interest deductions claimed by petitioner. Findings of Fact Petitioner resides in North Plainfield, New Jersey. He filed his income tax return for the calendar year 1961 with the district director of internal revenue, Newark, *103 New Jersey. Petitioner was separated from his former wife, Eleanor Troiano Bentvegna in 1956. An interlocutory decree of divorce issued by the Superior Court of New Jersey, Chancery Division, Essex County on May 19, 1960, became final on October 22, 1960. Custody of their two children, Eleanor and Leonard, ages 13 and 4, was awarded to petitioner's wife. Petitioner was given visitation rights. The divorce decree ordered petitioner to pay through the Essex County Probation Department $30 per week towards the support of the children. This amount was subsequently reduced to $22 per week and, on March 13, 1961 to $20 per week. During 1961 petitioner made payments to the Essex County Probation Department of $1,087. In his 1961 return, petitioner reported $2,361.78 gross income, $798.12 itemized deductions and claimed exemptions for himself and his two children. His itemized deductions included claimed interest payments of $7.56 to the Metropolitan Life Insurance Company, $28.56 to the First National Bank of Somerset, and $145.50 to the National State Bank. On November 14, 1962, a Report of Individual Income Tax Audit Changes, Form 1902, was prepared by J. L. Feeney of the Internal *104 Revenue Service in connection with petitioner's 1961 income tax return. This report reflects additions to petitioner's gross income of $1,200 and $145.03 [1] as amounts disallowed with respect to claimed dependency exemptions for his children, and interest payments. The explanation of these adjustments, written on the reverse side of the form, is that petitioner failed to establish that he provided over one-half of the childrens' support and that he actually incurred the interest expense. Petitioner did not furnish over one-half of the support for his children in 1961. Opinion Section 152(a) of the 1954 Code requires that a taxpayer must furnish over one-half of the support of a claimed dependent in order to be entitled to a dependency exemption. In order to establish this fact, petitioner must not only show how much he spent for the support of his children, but also the total amount spent for their support. Aaron F. Vance, 36 T.C. 547 (1961), James H. Fitzner, 31 T.C. 1252 (1959). *105 While he has shown that he paid $1,087 to the Essex County Probation Department, and states that he spent various small amounts when he took his children out on weekends, he has submitted no evidence as to the total amount of support provided for his children in 1961. Without such a total, we are compelled to find that petitioner has failed to carry his burden of proof on this issue. The second issue involves the disallowance by respondent of a claimed interest deduction of $145.50. As presented by petitioner, the issue is not so much the correctness of the determination (which he offers no proof to rebut), as the manner in which the determination was made and communicated to him. When respondent's counsel referred at the trial to the interest deduction as being in issue in this case, petitioner stated that he had never received any document referring to its disallowance, and had been under the impression that the dependency exemptions were the only items in issue. He produced all of the documents which he says he received. He says that he did not receive a thirty-day letter, and respondent's counsel was unable to produce a copy of anything other than a Form 1902 report prepared *106 by the Audit Division and a copy of the statutory notice of deficiency which was sent to petitioner. The deficiency notice is on a Form 2947, "Short Form Statement" and discloses only that a report of examination was made and mailed to petitioner with respect to his 1961 income tax liability, and that a deficiency of $221.74 had been determined. There is a printed statement on the bottom of this form that "The above deficiencies are based on adjustments and explanations as disclosed in the report of examination, a copy of which was forwarded to you on the date shown above [November 14, 1962]". There is no explanation anywhere on the "Short Form Statement" which reveals the basis of the deficiency, and petitioner says that he did not receive a thirty-day letter. Though respondent's counsel introduced into evidence a copy of the audit division report, we are in doubt as to whether petitioner ever received a copy of the report which the statutory notice indicates was mailed to him. It was not among the papers which he presented during trial as being all he had ever received, and in his petition, petitioner refers only to the dependency exemptions as having been disallowed. Section *107 6212(a) of the 1954 Code [2] provides simply for the mailing of a statutory notice of deficiency to the taxpayer. The procedures for preliminary notification to taxpayers of their tax deficiencies are contained in the Statement of Procedural Rules, 26 CFR Part 601. Section 601.602 thereof provides, in part, that: Forms and instructions are developed by the Internal Revenue Service to explain the requirements of the internal revenue laws and regulations and are issued for the assistance of taxpayers in exercising their rights and discharging their duties under the internal revenue laws. * * * While there would seem to have been serious shortcomings in this case with respect to fair notice to the taxpayer of the matters underlying the statutory notice, such inadequacies are not a ground for rejecting the respondent's determination. The jurisdiction of this Court is to determine the correctness of *108 the deficiency involved, not the propriety of respondent's administrative policy and procedures. Charles Crowther, 28 T.C. 1293 (1957), affd. on this point 269 F. 2d 292 (C.A. 9, 1959); Luhring v. Glotzbach, 304 F. 2d 560 (C.A. 4, 1962); Levine Brothers Co., Inc., 5 B.T.A. 689 (1926). Since petitioner did not dispute the correctness of respondent's determination, we hold for respondent on this issue. Decision will be entered for the respondent. Footnotes
1. Petitioner's 1961 income tax return reflects a deduction of $145.50. No explanation is given as to the discrepancy between this amount and the $145.03 actually disallowed.↩
2. SEC. 6212. NOTICE OF DEFICIENCY. (a) In General. - If the Secretary or his delecate determines that there is a deficiency in respect of any tax imposed by subtitles A or B, he is authorized to send notice of such deficiency to the taxpayer by certified mall or registered mail.↩