Ralph W. McWherter v. Commissioner.
McWherter v. Commissioner
Docket No. 1594-64.
United States Tax Court
T.C. Memo 1966-90; 1966 Tax Ct. Memo LEXIS 191; 25 T.C.M. (CCH) 496; T.C.M. (RIA) 66090; April 28, 1966
Ralph W. McWherter, pro se, RR #2, Horbat, Ind. Bernard J. Boyle, for the respondent. SIMPSON
Memorandum Findings of Fact and Opinion SIMPSON, Judge: The respondent determined a deficiency of $263.60 in the petitioner's income tax for the year 1961 and $263.99 for the year 1962. The only issue in this case is whether the petitioner provided during 1961 and 1962 more than one-half of the support of his two sons and is therefore entitled to the dependency deduction for them for those years. Findings of Fact At the time this case was tried, some of the facts were *192 orally stipulated and those facts are so found. The petitioner, Ralph W. McWherter, and his wife, Esther McWherter, filed their joint Federal income tax returns for the years 1961 and 1962 with the district director of internal revenue at Indianapolis, Indiana. The statutory notice of deficiency was mailed January 23, 1964. Petitioner claimed a dependency deduction in 1961 and 1962 for the support of his children, Ralph Edward McWherter and Richard Lee McWherter, who resided with their mother, the petitioner's former wife. The respondent disallowed the dependency deduction for such children, and determined a deficiency in the petitioner's income tax of $263.60 for the taxable year 1961 and $263.99 for the taxable year 1962. During the taxable years 1961 and 1962, the petitioner's children resided with their mother. The petitioner contributed for their support the sum of $1,329.51 during 1961 and the sum of $1,300 during 1962. Opinion Section 151 of the Internal Revenue Code of 1954[1] allows a dependency deduction for each exemption provided in such section. Insofar as pertinent to this case, section 151(e) provides a $600 exemption for each dependent *193 who is a child of the taxpayer and has not attained the age of 19. A "dependent" is defined by section 152 to include a son, if over one-half of his support was received from the taxpayer. In order to sustain a dependency deduction, the petitioner must show that his two sons were his "dependents" during the taxable year, and, as to each element of the deduction, he has the burden of proof. Rule 32, Tax Court Rules of Practices. There is no dispute over the fact that both of the claimed dependents were children of the taxpayer and under the age of 19. The sole element of contention is whether the petitioner provided over one-half of their support during 1961 and 1962. In that connection, the respondent's regulations provide as follows: § 1.152-1 General definition of a dependent. (a)(1) * * * (2)(i) For purposes of determining whether or not an individual received, for a given calendar year, over half of his support from the taxpayer, there shall be taken into account the amount of support received from the taxpayer as compared to the entire amount of support which the individual *194 received from all sources, including support which the individual himself supplied. The term "support" includes food, shelter, clothing, medical and dental care, education, and the like. Generally, the amount of an item of support will be the amount of expense incurred by the one furnishing such item. If the item of support furnished an individual is in the form of property or lodging, it will be necessary to measure the amount of such item of support in terms of its fair market value. * * *
Thus, in order to prove that his payments amounted to over one-half of the support required for his children, the petitioner must show what the total cost of their support was during the taxable years in question, or provide evidence from which it can be inferred that his payments must have exceeded one-half of such amount. Russell W. Boettiger, 31 T.C. 477 (1958), acq. 1959-1 C.B. 3; James H. Fitzner, 31 T.C. 1252 (1959). The petitioner has failed to prove that the amount he paid constituted more than one-half of the support required for his children in 1961 and 1962. The petitioner has proved that in 1961 he paid $1,329.51 for the support of *195 his two sons. In 1962 he paid $1,300 for such purpose. However, he has furnished us with no information concerning the total amount required to support such children during the taxable years. The petitioner's sons are in the custody of his former wife, and we understand that precise information concerning their support may be difficult to obtain. But the petitioner must give us some information from which we can infer the total cost of their support in order for us to find that he provided more than one-half of such support. Lagomarcino, "The Divorced Husband and the Dependency Exemption Mirage," 12 Tax L. Rev. 85 (1956). Because the petitioner has failed to introduce any evidence on this element, we must resolve the issue in favor of the respondent. In order to give effect to this decision and a concession by the respondent that there was an overpayment of income tax in 1962, Decision will be entered under Rule 50. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 unless otherwise indicated.↩