Burt Dewitt Seniff v. Commissioner.
Seniff v. Commissioner
Docket Nos. 3847-66, 5011-67.
United States Tax Court
T.C. Memo 1971-195; 1971 Tax Ct. Memo LEXIS 138; 30 T.C.M. (CCH) 814; T.C.M. (RIA) 71195; August 9, 1971, Filed *138 1. [Dependency exemption: Children of divorced parents: Support test.] Petitioner cannot meet his burden of proving that he furnished over one-half the support of claimed dependents if, to establish total support from all sources, he relied on papers containing unverified figures unsupported by courtroom testimony of the preparer, his former wife. 2. Petitioner may not deduct the difference between his child support payments for a taxable year and the amount allowable as a deduction for dependency exemptions properly claimed. 3. The claimed loss sustained on the sale of petitioner's automobile is personal and nondeductible absent evidence that petitioner used the automobile in earning a livelihood as a pharmacist. Burt Dewitt Seniff, pro se, 224 N.E. 21st St., Miami, Fla.W. Reeder Glass for the respondent. TIETJENS
*139 Memorandum Findings of Fact and Opinion TIETJENS, Judge: In these two cases, consolidated for trial, the Commissioner determined deficiencies in petitioner's income tax of $445.34 for the calendar year 1963 and $484.11 for the calendar year 1964. Because of the Commissioner's concession before trial of two of the three dependency exemptions in issue for the taxable year 1964, the deficiency for that year was reduced to $212.63. Three issues are presented: (1) Whether petitioner has furnished over one-half the support for each child for which he claimed a deduction under section 151, I.R.C. 1954, [1] for the taxable years in question. *140 (2) Whether petitioner is entitled to deduct the difference between the amount he paid for child support each year and the sum of the deductions allowed for three dependents properly claimed. (3) Whether petitioner is entitled to an ordinary loss deduction in the amount of $35 on the sale of his automobile in 1964. Findings of Fact Some of the facts were stipulated, and those facts are so found. Petitioner filed individual Federal income tax returns for the calendar years 1963 and 1964 with the district director of internal revenue at Cleveland, Ohio. At the time of filing of his petition, petitioner was a single individual residing in Miami, Florida. 815 Petitioner and his former wife, Mary, were divorced in November, 1961; custody of the three children of the marriage, Constance L. Seniff, Dennis P. Seniff, and John C. Seniff, who were respectively 17, 15 and 10 years of age at the end of calendar year 1964, was awarded to Mary. In July 1963, Mary married E. M. Stickney, Jr. The aforementioned children resided with their mother throughout 1963 prior to her remarriage and thereafter resided with Mary and her husband, E. M. Stickney, Jr., for the remainder of 1963 *141 and all of 1964. Petitioner was obligated under the decree of divorce to pay $50 weekly for the support of the three children. In 1963 he paid $2,150; in 1964 he paid $2,650, which included $450 in arrearages which accrued in 1963 during a period of unemployment for petitioner and which he paid under court order the following year. In April 1964, petitioner won a modification of the decree of divorce which relieved him of the weekly support obligation during any time the children were outside the territorial United States. For some time after her remarriage, the Stickneys and the three Seniff children lived outside the United States, and petitioner was unable to compel the attendance of any of these individuals at trial. The Stickneys claimed that the total support from all sources furnished John, Constance and Dennis in 1963 was $5,466, but did not allocate this sum among the children. In 1964, they prepared for each child a Treasury Department Form 2038 entitled "Information to Support Exemption for Dependent on Federal Income Tax Return" and claimed that the total support from all sources was $4,178. The Commissioner disallowed all the deductions for dependency exemptions *142 claimed by petitioner for 1963, disallowed the deduction claimed by petitioner for Dennis in 1964, and conceded petitioner's claims for deductions for Constance and John for 1964. The Commissioner disallowed all claims by the Stickneys for deductions for dependents in their returns for both years. Petitioner and the Stickneys were the sole sources of support of the three Seniff children for the taxable years in question. The Commissioner's contentions concerning petitioner's claims for deductions for dependents are summarized below. The Commissioner employed the figures supplied by the Stickneys for the years in issue to determine the total amount of support from all sources, and in computing petitioner's contributions the Commissioner subtracted the arrearages paid in 1964 from the amount petitioner actually paid in that year: 1963
Equal Allocations
Equal Allocation
Amount
of Petitioner's
of Total
Contributed By
Dependent
Support
Support
Stickneys
John
$ 716.33
$1,822.00
$1,105.67
Dennis
716.33
1,822.00
1,105.67
Constance 716.33
1,822.00
1,105.67
* $2,150.00
$5,466.00
* $3,317.00
1964
Equal Allocation
Total Support
Amount
of Petitioner's
From Stickneys'
Contributed By
Dependent
Support
Forms 2038
Stickneys
John
$ 733.33
$1,345.00
$ 611.67
Dennis
733.33
1,582.00
848.67
Constance 733.33
1,251.00
517.67
* $2,200.00
$4,178.00
* $1,978.00
*143 Petitioner further claimed the benefit of deductions of $350 and $850, styled "Other Deductions" in each of his income tax returns for the years in question. In each year the amount of such deduction was the difference between petitioner's total support payments (including in 1964 the arrearages) and the total deduction allowed by section 151 for three dependents properly claimed. Petitioner claimed in his 1964 income tax return a loss of $35 on the sale of an 816 automobile. The automobile was sold at salvage for $15 and the deduction was computed by subtracting the $15 from petitioner's estimated salvage value of $50. Petitioner is a pharmacist and was unemployed at the time of the sale. Opinion (1) The threshold question concerning petitioner's entitlement to the dependency deductions disputed by the Commissioner at trial is whether petitioner has proved the total amounts furnished for the support of each of the three Seniff children in 1963 and in 1964. Under the support test applicable to these years, petitioner must prove that he has furnished over one-half the support of a child in order for that child to qualify under the statutory *144 definition of dependency. Section 152(a), I.R.C., 1954; section 1.1521(a), Income Tax Regs. An affirmation of the maximum amount contributed by all sources is implicit in petitioner's contention that he provided over one-half the child's support, and is properly part of petitioner's burden under Rule 32, Tax Court Rules of Practice.James H. Fitzner, 31 T.C. 1252, 1254-55 (1959); Aaron F. Vance, 36 T.C. 547, 549 (1961); Victor Blanco, 56 T.C. - (June 15, 1971). This case was continued once in 1967 on petitioner's motion, in the interest of his securing his former wife's testimony as to total support upon her anticipated return to the United States. However, petitioner was unable to compel her presence at trial and consequently faced what we have called "* * * the exceedingly difficult, if not impossible, burden of establishing total support through the uncooperative mother." Allen F. Labay, 55 T.C. 6, 9 (1970). Petitioner was relegated to two exhibits, consisting of papers prepared by Mary Stickney and her husband in support of their claim for dependency exemptions for the three Seniff children, which were transmitted to petitioner by the *145 Commissioner to help him prepare his case. For the taxable year 1963, the Stickneys prepared a single-page per child breakdown of expenditures; a Treasury Department Form 2038 for each child was supplied in 1964. The Commissioner did not object to the admission of these documents into evidence, but stated that the figures supplied therein were unverified. Since the petitioner offered no other evidence on the total support issue, his case for dependency exemptions was founded entirely on hearsay. We have held that a revenue agent's reports are not competent evidence on the issue of total support. James H. Fitzner, supra, at 1255; Victor Blanco, supra at 8. Our holding that the contents of a Form 2038 are admissable but entitled to little, if any, weight absent courtroom tesimony of the preparer is to the same effect. Allen F. Labay, supra at 8. Mindful of the heavy burden borne by petitioner, we must hold nevertheless that he is not entitled to the disputed dependency exemptions because he failed to prove the necessary element of total support from all sources for each child. Petitioner further contends that several items of total support listed by the Stickneys should *146 be disallowed thus reducing the support attributable to them, and also that the amount by which petitioner in 1963 fell in arrears on his child support obligation but made good in the next year should be credited to petitioner either for the calendar year 1963 or for the calendar year 1964. We reach none of these contentions, since petitioner mistakenly uses the figures prepared by the Stickneys as his starting point; he has not shown, as he must, that the Stickneys contributed no more than what they indicated in their papers. For aught we know, petitioner's former wife might have testified to a much higher figure had she been called as a witness. The Commissioner's use of the Stickney papers to compute petitioner's deficiency and the consensual spreading of their contents on the record does not constitute a stipulation fixing the maximum amount contributed by the Stickneys. Victor Blanco, supra, at 10. (2) We agree with the Commissioner that there is no legal support for deductions claimed in the amounts of $350 and $850 for the calendar years 1963 and 1964, respectively. These amounts petitioner computed by subtracting from each year's support payments, augmented in 1964 by the *147 arrearages paid that year, the amount allowed as a deduction under section 151 for three dependents properly claimed. (3) We agree with the Commissioner that petitioner is not entitled to a deduction for the claimed ordinary loss of $35 which petitioner computed by subtracting the actual salvage price of his automobile from the petitioner's estimate of its salvage value. Petitioner offered no evidence that he used his automobile in earning a livelihood as a 817 pharmacist; indeed, he stated that he was unemployed at the time of the sale. Thus it appears that any loss sustained was personal and nondeductible. Section 165(c) Decisions will be entered for the respondent. Footnotes
1. Unless otherwise stated, all statutory references are to the Internal Revenue Code of 1954.↩
*. Rounded to nearest dollar↩
*. Rounded to nearest dollar↩