T.C. Summary Opinion 2006-98

UNITED STATES TAX COURT

SHAUN DION BRANDON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19975-04S.                    Filed July 5, 2006.

Shaun Dion Brandon, pro se.

<u>Robert Mopsick</u>, for respondent.

GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant
to the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.  Unless otherwise indicated,
subsequent section references are to the Internal Revenue Code in
effect for the year in issue, and all Rule references are to the
Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax of $3,677 for the taxable year 2003. The issues for decision are: (1) Whether petitioner is entitled to a dependency exemption deduction for his nephew; (2) whether petitioner is entitled to head-of-household status; (3) whether petitioner is entitled to an earned income credit; and (4) whether petitioner is entitled to a child care credit.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioner resided in South Orange, New Jersey.

During taxable year 2003, petitioner resided in a third-floor apartment in a multifamily residence in Newark, New Jersey. Forms W-2 included as part of the underlying record show that during taxable year 2003, petitioner was employed by both Goldring Gulf Distributing of Fort Walton, Florida, and Five Star Carting of Brooklyn, New York, and had listed addressess for each in Navarre, Florida, and Brooklyn, New York, respectively. In addition to the aforementioned addresses, petitioner listed his address on his 2003 Form 1040, U.S. Individual Income Tax Return, as South Orange, New Jersey. Petitioner resided at the Newark, New Jersey, address for 7 to 9 months of the taxable year 2003, with the additional addresses in Florida and New York being that

of his former residence and the residence of his fiancee, respectively. Petitioner was single throughout the taxable year 2003.

In either late 2002 or early 2003, a fire destroyed an apartment building where petitioner's sister, Monique Brandon, resided with her three minor children. In the aftermath of the fire, the eldest child, SAB,[1] came to live with petitioner in his residence at 40 Mapes Avenue in Newark, New Jersey. During this time, petitioner assisted his nephew, providing food and shelter and, on some occasions, financial aid. Although additional financial support was provided to petitioner from petitioner's mother and grandmother, neither the child's mother nor his father provided any financial support to the child or petitioner. SAB returned to his mother's residence in Orange, New Jersey, at some time before the start of the 2003-2004 school year.

Petitioner reported wage income of $16,868 in 2003. On his 2003 Federal income tax return, petitioner claimed a dependency exemption deduction for SAB, an earned income credit deduction, and an additional child care tax credit. Petitioner also filed as head of household on his 2003 Federal income tax return.

Respondent disallowed the dependency exemption deduction on the ground that petitioner failed to establish that he provided

---

[1]The Court uses only the initials of the minor child.

over half of the support for SAB.  As a result of the disallowance, respondent further determined that petitioner's filing status was single, not head of household, and disallowed both the claimed earned income credit and the child care credit.

### Discussion

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct.  Welch v. Helvering, 290 U.S. 111, 115 (1933).  In pertinent part, Rule 142(a)(1) provides the general rule that "The burden of proof shall be upon the petitioner".  In certain circumstances, however, if the taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the proper tax liability, section 7491 places the burden of proof on the Commissioner.  Sec. 7491(a)(1); Rule 142(a)(2).  Credible evidence is "'the quality of evidence which, after critical analysis, * * * A court would find sufficient * * * to base a decision on the issue if no contrary evidence were submitted'".[2] Baker v. Commissioner, 122 T.C. 143, 168 (2004) (quoting Higbee v. Commissioner, 116 T.C. 438, 442 (2001)).  Section 7491(a)(1) applies only if the taxpayer complies with substantiation requirements, maintains all

_____

[2]We interpret the quoted language as requiring the taxpayer's evidence pertaining to any factual issue to be evidence the Court would find sufficient upon which to base a decision on the issue in favor of the taxpayer.  See Bernardo v. Commissioner, T.C. Memo. 2004-199.

required records, and cooperates with the Commissioner for witnesses, information, documents, meetings, and interviews. Sec. 7491(a)(2). Although neither party alleges the applicability of section 7491(a), we conclude that the burden of proof has not shifted to respondent with respect to any of the issues in this case. Therefore, petitioner bears the burden of showing that he is entitled to claim a dependency exemption deduction for SAB; that he is entitled to head-of-household filing status; that he is entitled to an earned income credit for taxable year 2003; and that he is entitled to a child tax credit for taxable year 2003.

Moreover, deductions are a matter of legislative grace and are allowed only as specifically provided by statute. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

A. Dependency Exemption

Section 151(c) allows a taxpayer to deduct an annual exemption amount for each dependent of the taxpayer. A "dependent" is defined under section 152(a) as an individual "over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer)".

In order to prevail, petitioner must show by competent evidence: (1) The dependent claimed satisfies the definitional requirements provided in section 152(a) (the relationship requirement); (2) the amount of total support provided for the child claimed, and (3) that he provided more than half of such support (taken together, the support requirement). See secs. 151(c)(1)(A), 152(a).

The claimed individual satisfies the definitional requirement of "dependent" within the meaning of section 152(a) under the relationship test as the nephew of petitioner. Sec. 152(a)(6). Accordingly, the remaining issue is whether the petitioner provided more than one-half of his nephew's total support for 2003.

"Support" may include: food, shelter, clothing, medical and dental care, education, etc. See sec. 1.152-1(a)(2)(i), Income Tax Regs. The amount of total support provided by the taxpayer may be reasonably inferred from competent evidence. See Stafford v. Commissioner, 46 T.C. 515, 518 (1966). However, where an actual amount of total support of a child during the taxable year is not shown and cannot be reasonably inferred from competent evidence, then it is not possible to conclude that the taxpayer has contributed more than one-half. See Blanco v. Commissioner, 56 T.C. 512, 515 (1971); Fitzner v. Commissioner, 31 T.C. 1252, 1255 (1959).

Although we find petitioner's testimony credible as to the fact that he provided support for his nephew in the aftermath of a fire which destroyed the child's maternal home, the record based solely on the testimony proffered is vague and incomplete. Petitioner has not kept records of how much he spent on SAB, nor could he reconstruct for the Court a dollar amount of total support provided for his nephew. Petitioner also testified at trial that other family members, including his mother and grandmother, provided financial support for SAB, although he could not offer an accounting for these funds. While we find that petitioner made valiant efforts to sustain and support his nephew in the aftermath of a family tragedy, petitioner nonetheless failed to meet the statutorily imposed requirement to establish the amount of his contributions to the support of SAB during the taxable year 2003. Because petitioner failed to establish the total amount of support from all sources, we are unable to conclude that petitioner provided more than one-half of the total support for SAB, and therefore we sustain respondent on this issue.

B.  Head-of-Household

As previously stated, petitioner filed his 2003 Federal income tax return as a head of household, and respondent changed the filing status to single in the notice of deficiency.

Section 1(b) imposes a special income tax rate on an individual filing as head of household. As relevant herein, section 2(b) defines "head of household" as an unmarried individual who maintains as his or her home a household which constitutes for more than one-half of the taxable year the principal place of abode of "any other person who is a dependent of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such person under section 151". Sec. 2(b)(1)(A)(ii).

We have already held that petitioner is not entitled to the dependency exemption deduction pursuant to section 151 with respect to SAB. It follows, accordingly, that petitioner is not entitled to head of household filing status. Therefore, we sustain respondent's determination with respect to this issue.

C. <u>Earned Income Credit</u>

Petitioner claimed an earned income credit for taxable year 2003 with SAB as the qualifying child. In the notice of deficiency, respondent disallowed the earned income credit.

Subject to certain limitations, an eligible individual is allowed a credit which is calculated as a percentage of the individual's earned income. Sec. 32(a)(1). Earned income includes wages. Sec. 32(c)(2)(A). Section 32(c)(1)(A)(I), in pertinent part, defines an "eligible individual" as "any individual who has a qualifying child for the taxable year". A

"qualifying child" is one who satisfies a relationship test, a residency test, and an age test.  Sec. 32(c)(3).  The pertinent parts of section 32(c)(3) provide:

>    (3) Qualifying child.--
>
>        (A) In general.--The term "qualifying child"
>    means, with respect to any taxpayer for any
>    taxable year, an individual--
>
>        (i) who bears a relationship to the taxpayer
>    described in subparagraph (B),
>
>        (ii) who has the same principal place of
>    abode as the taxpayer for more than one-half
>    of such taxable year, and
>
>        (iii) who meets the age requirements of
>    subparagraph (c).

As relevant herein, a descendant of the taxpayer's brother or sister, whom the taxpayer cares for as his own child, satisfied the relationship test.  Sec. 32(c)(3)(B)(i)(II).  Therefore, we are willing to assume that SAB satisfies the relationship test.

However, although we find petitioner's testimony credible that SAB did reside at his residence in Newark, New Jersey, for a period of time in 2003, petitioner did not offer into evidence any documentation or any testimony to establish that such period was more than one-half of the year.

D. <u>Child Tax Credit</u>

Petitioner claimed a child tax credit for the taxable year 2003 with SAB as the qualifying child.  In the notice of deficiency, respondent disallowed the child tax credit.

Section 24(a) authorizes a child tax credit with respect to each "qualifying child" of the taxpayer.  The term "qualifying child" is defined in section 24(c).  As relevant to these facts, a qualifying child means an individual with respect to whom the taxpayer is allowed a deduction under section 151.  Sec. 24(c)(1)(A).

We have already held that petitioner is not entitled to the dependency exemption deduction under section 151 for SAB. Accordingly, SAB is not considered a "qualifying child" within the meaning of section 24(c).  It follows, therefore, that petitioner is not entitled to a child tax credit under section 24(a).

In view of the foregoing, we sustain the respondent's determination on this issue.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent</u>.