J. Paul Blundon, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 74546.   Promulgated March 28, 1935.

*Meredith M. Daubin, Esq.,* for the petitioner.
*Philip M. Clark, Esq.,* and *Stanley B. Pierson, Esq.,* for the respondent.

286

OPINION.

SEAWELL: The petitioner claims that the income he received from the cities of Huntington and Charleston is exempt from taxation on the ground that it represents compensation paid to him as an employee of the municipalities in connection with the exercise of an

essential governmental function. The respondent's contention is that the petitioner was an independent contractor.

In *Metcalf & Eddy* v. *Mitchell*, 269 U. S. 514, the taxpayers, consulting engineers, were employed by states and subdivisions thereof to give advice respecting proposed water supply and sewage disposal systems. They took no oath of office and were free to accept other concurrent employment; their employment was not of a continuous or permanent nature. In holding that Metcalf and Eddy were independent contractors, not employees, the Court said:

* * * The record does not reveal to what extent, if at all, their services were subject to the direction or control of the public boards or officers engaging them. In each instance the performance of their contract involved the use of judgment and discretion on their part and they were required to use their best professional skill to bring about the desired result. This permitted to them liberty of action which excludes the idea that control or right of control by the employed which characterizes the relation of employer and employee and differentiates the employee or servant from the independent contractor. * * *

The petitioner cites *Burnet* v. *Livezey*, 48 Fed. (2d) 159, as a case having facts differing from those here only in the professions of the taxpayers. There are other, and distinguishing, facts. Livezey gave the work for which he was engaged preference over his private law practice; he was not employed for a specific case and his salary was for a specified amount a year and not, as here, regulated by the amount of work he did.

The case of *Underwood* v. *Commissioner*, 56 Fed. (2d) 67, decided by the same Circuit Court of Appeals, contains facts similar to those here. In that case Underwood, an architect, was employed by the State of North Carolina to devote all of his time to public construction work, and as compensation for his services received amounts based upon the cost of the projects. He maintained an office force to assist him carry out his duties and paid his business expenses out of the compensation he received from the state. In holding that Underwood was not an employee of the state, but an independent contractor, the court pointed out that his services were not different from those ordinarily performed by an architect and engineer, and that while he complied with directions of the joint building committee of the state as to the kind of construction to undertake, he brought about desired results by his own methods.

We do not think the respondent committed error in holding that the petitioner was an independent contractor and that the compensation he received from the cities of Huntington and Charleston was not immune from income tax. *Metcalf & Eddy* v. *Mitchell*, *supra; Underwood* v. *Commissioner*, *supra; John Reid, Jr.*, 28 B. T. A. 1217; *Edward M. Lynch*, 30 B. T. A. 727; *Commissioner* v. *Modjeski*, 75 Fed. (2d) 468.

In support of his second allegation of error the petitioner alleged in his petition that in connection with a sale of certain stock in 1929 at a profit, the amount of which he reported as taxable income in 1929, he agreed to pay to the purchaser the amount of any liabilities of the corporation not shown on its balance sheet, and that in 1931 he paid the sum of $702.54 on account of such obligation. These allegations of fact were denied by the respondent in his answer. At the field hearing counsel for the petitioner offered in evidence the revenue agent's report on the petitioner's income tax liability for 1931 " merely to show the incident action by the Revenue Office pertaining to the Bureau's 60-day letter." After counsel for the respondent admitted that the report formed the basis for the deficiency notice, the parties agreed to the introduction of the report " solely as showing the basis used by the Commissioner in determining the deficiency here at issue." Nothing further was offered by either party on the question.

In addition to the facts alleged in the petition, the revenue agent's report contains statements that the petitioner sold the stock for cash and a note, that the petitioner received payment of the note in 1931 and that the petitioner paid his liability by accepting from the purchaser of the stock an amount $702.54 less than the principal sum of the note, plus interest. On brief counsel for the petitioner asks us to find as to the issue facts based altogether on statements appearing in the revenue agent's report. The respondent, on the other hand, requests us to sustain his disallowance of the claimed loss deduction because of the petitioner's failure to prove any facts on the issue.

This difference of opinion as to the probative value of the revenue agent's report came to light during our consideration of the proceeding after its submission. We thereupon issued and entered an order to the effect that in the event the parties could not agree upon the facts relating to the issue the proceeding would be restored to the calendar to allow the introduction of evidence on the question. The parties were unable to reach an agreement as to the facts. At the further hearing had for the purpose of establishing the facts of the question, neither party offered any evidence on the issue, counsel for the petitioner stating that the amount of tax involved did not justify incurring the expense of producing a witness to testify to the facts.

The respondent's finding that no loss was sustained in the taxable year is presumed to be correct and the burden of proving error is on the petitioner. *Burnet* v. *Houston*, 283 U. S. 223; *Welch* v. *Helvering*, 290 U. S. 111.

Reports of revenue agents are not competent proof of the facts stated therein in the absence of an agreement to that effect. *Hunter*

*Coal Co.*, 2 B. T. A. 828; *Georgiana McFetridge*, 9 B. T. A. 759. Here the report is in the record merely for the purpose of showing the basis for the respondent's determination, not as proof of the facts appearing in the document. There being nothing in evidence from which any facts can be found on the issue, there is no alternative but to sustain the respondent.

*Decision will be entered for the respondent.*