HARE TRUST, An Express Trust, Petitioner, v. Guy T. HELVERING, Commissioner of Internal Revenue, Respondent.

No. 7869.

United States Court of Appeals for the District of Columbia.

Argued Jan. 7, 1942.

Decided March 9, 1942.

Mr. George E. H. Goodner, of Washington, D. C., with whom Miss Helen Goodner, of Washington, D. C., was on the brief, for petitioner.

Mr. Lee A. Jackson, Special Assistant to the Attorney General, with whom Mr. Samuel O. Clark, Jr., Assistant Attorney General, and Mr. J. Louis Monarch, Special

Assistant to the Attorney General, were on the brief, for respondent.

Mr. Sewall Key, Special Assistant to the Attorney General, and Mr. J. P. Wenchel, General Counsel, Bureau of Internal Revenue, of Washington, D. C., and Mr. Charles E. Lowery, Special Attorney, Bureau of Internal Revenue, of Washington, D. C., also entered appearances for respondent.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

GRONER, C. J.

It was conceded at the bar that the facts in this case are identical with those in No. 7865, Second Carey Trust v. Helvering, —— App.D.C. ——, 126 F.2d 526, decided today, and that the decision in this case should abide the decision in that case. From this it follows that the decision of the Board must be, and it is, affirmed.

Affirmed.

SERIES "A" TRUST v. HELVERING, Commissioner of Internal Revenue.

No. 7868.

United States Court of Appeals for the District of Columbia.

Argued Jan. 7, 1942.

Decided March 9, 1942.

Miss Helen Goodner, of Washington, D. C., with whom Mr. George E. H. Goodner, of Washington, D. C., was on the brief, for petitioner.

Mr. Lee A. Jackson, Special Assistant to the Attorney General, with whom Mr. Samuel O. Clark, Jr., Assistant Attorney General, and Mr. J. Louis Monarch, Special Assistant to the Attorney General, were on the brief, for respondent.

Mr. Sewall Key, Special Assistant to the Attorney General, and Mr. J. P. Wenchel, General Counsel, Bureau of Internal Revenue, of Washington, D. C., and Mr. Charles E. Lowery, Special Attorney, Bureau of Internal Revenue, of Washington, D. C., also entered appearances for respondent.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

GRONER, C. J.

This is a petition to review a decision of the Board of Tax Appeals involving petitioner's income and excess profits tax for the years 1933 and 1934. The case was submitted with No. 7865 (Second Carey Trust v. Helvering, —— App.D.C. ——, 126 F.2d 526), in which our opinion was filed today. The main point in both cases is the same.

Petitioner was organized in June, 1933, as an express trust under the Oklahoma laws.[1] The material provisions of the trust instrument are as follows: continuation for a period of twenty years unless sooner terminated in the manner provided; the trustees to liquidate the trust at the expiration of the twenty-year period; the capital to be divided into 2,800 units of beneficial interests to be sold to unit holders and evidenced by certificates of interest transferable upon the books of the trust; the trustees to handle, operate, and manage the property and to distribute monthly the proceeds from the sale of oil and gas sold from the trusts' share of a lease called the Sinopoulo lease; trustees to retain five per cent of the receipts as compensation; holders of certificates not to be personally liable for the debts or obligations of the trust, nor have any right

---

[1] Sec. 11820, Oklahoma Statutes 1931, 60 O.S.1941 § 171.

to interfere with the trustees' management or control of the property; death of a unit holder to have no effect upon the termination of the trust.

■ Petitioner in its brief says "It is agreed that there is no substantial difference between the trust instrument here and that in [No. 7865] and no difference in the material facts and the acts of the respective trustees, * * *". This was also the finding of the Board. From this it follows that our holding in the Second Carey Trust case is decisive of this case, and the Board's conclusion here, as there, that petitioner is an association taxable as a corporation must be affirmed.

■ This leaves for decision only two subordinate questions. (1) Did the Board err in refusing to admit in evidence the Revenue Agent's report of his examination of petitioner's 1933 return? The record shows that petitioner had filed its return for 1933 as a trust, showing total receipts of $51,665.97, deductions of $5,695.10 for expenses, $24,250.81 for depletion, and $41,123 for income distributed to unit holders. The total of these deduction items was $71,068.91. The return thus showed a loss of $19,402.94. The Commissioner disallowed the $41,123 distribution to unit holders, because petitioner was not a trust. He also denied $14,596.83 of the claimed depletion item, allowing instead 27½ per cent of $35,105.40, the amount of petitioner's receipts from its interest in the Sinopoulo lease. It appears, however, that petitioner's gross income in the year in question was actually $16,510.57 in excess of the $35,105.40 on which the percentage depreciation was calculated. This last named amount was received on another oil payment. It was the disallowance of depletion on this amount which petitioner sought to have the Board correct. To accomplish this, it now desires to prove, through the admission in evidence of the Revenue Agent's report, that the latter amount was received as an oil payment, and that its omission by the Commissioner resulted in an incorrect allowance for depletion and depreciation. The Board rejected the offer of the agent's report on the ground that the sole purpose for which such a report is admissible is to show the basis upon which the Commissioner predicated his action in determining the deficiency and, since it appeared that the Commissioner—in making his assessment—had not used the agent's report, the paper was not per se admissible. The ruling of the Board in this respect is consistent with its long established practice. Blundon v. Commissioner, 32 B.T.A. 285, 288, 289. But in any case, the report was not the best evidence of its contents, and there was ample opportunity to petitioner to show the true facts from its own records. The items of income and deduction were all shown on petitioner's books, and it would have been an easy matter to prove the several items by reference to these. But the real explanation is this: petitioner's appeal to the Board charged error in respect to depletion only on the theory that the Commissioner had adopted the percentage basis when the allowance should have been made on the cost or adjusted basis. The point now urged was apparently not thought of when the appeal to the Board was taken. Hence there was no basis for the admission of the rejected evidence. The trouble in this case, as in the Second Carey Trust case, is that petitioner relied upon its asserted right to be taxed as a liquidating trust, and the alternative relief which it now seeks, whatever its merit, is an afterthought for which no proper foundation was laid and which, therefore, we may not consider.

■ (2) And this brings us to the second point, which is that the Board erred in not granting a new hearing. The basis for this is the failure of the Board to allow a deduction equal to 12½ per cent of the declared value of petitioner's invested capital. But again the answer must be that petitioner, relying too firmly upon its claimed trust status, failed to file a capital stock return for either of the years 1933 or 1934, or to declare any value of its capital assets. The result was that up to the time of this petition to us for review no capital stock tax had been assessed, nor any paid. Necessarily, therefore, when the Commissioner determined the deficiency, he was unable to make the 12½ per cent allowance. If petitioner had, even then, filed the return and paid the tax, the allowance would have been calculated by the Board, or we should have returned the case for that purpose. As the situation is, we can do nothing. Bankers' Pocahontas Coal Co. v. Burnet, 287 U.S. 308, 313, 53 S.Ct. 150, 77 L.Ed. 325.

Affirmed.