JAMES H. FITZNER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 68296. Filed March 31, 1959.

*Arthur Glover, Esq.*, for the petitioner.

*John W. Dierker, Esq.*, and *Allen T. Akin, Esq.*, for the respondent.

TIETJENS, *Judge:* This proceeding involves a deficiency in income tax for the taxable year 1955 in the amount of $588.99.

The sole issue is whether petitioner contributed more than one-half of the total support of his three children during 1955.

### FINDINGS OF FACT.

During the taxable year 1955, James H. Fitzner (hereinafter referred to as the petitioner) resided in Amarillo, Texas. He filed an individual Federal income tax return for that year with the district director of internal revenue at Dallas, Texas.

In September 1954, petitioner was divorced from his wife. By court decree, petitioner was awarded custody of three children born of that marriage, for a period of 9 months each year. These children were, Bonnie Lee and Bobby Ray Fitzner, twins who were 8 years old in 1955, and Jimmie Ann Fitzner who was 13 years old during 1955.

During 1955, petitioner had actual custody of the children from January 1 to June 10, excepting a period of approximately 1 week which they spent with their mother. Throughout this custody period, petitioner maintained as a home for his children and himself a 3-bedroom frame house located in the better residential section of Amarillo which had a reasonable monthly rental value of $125.

Petitioner's gross income in 1955, paid to him by the Department of the Air Force, was $4,784. From this was withheld by way of Federal income taxes the sum of $390, and, by way of Civil Service retirement, an amount computed at 6½ per cent. In addition, petitioner had available to him during the taxable year the sum of $744.90, representing funds borrowed from various sources during February and March of that year.

Petitioner's fixed monthly obligations during 1955, which included payments on his car, home, loans and his savings, were $180.84. Of the funds available for his use during the period from January 1 to June 10, 1955, both borrowed and earned, petitioner expended approximately two-thirds for the support of his three children. Additionally, by court order, petitioner contributed $200 to the support of the children during the latter part of 1955.

At some time subsequent to the taxable year in issue, a conference was held between petitioner, his former wife and her second husband

(hereinafter referred to as the Ruckers), petitioner's representative, and an internal revenue agent, relative to the respective amounts contributed toward the support of petitioner's children by petitioner and the Ruckers.

On his individual return for the taxable year 1955, petitioner claimed each of his three children as dependents. Respondent disallowed the exemptions claimed in a "SHORT-FORM STATUTORY NOTICE OF DEFICIENCY STATEMENT" wherein appeared the following statement: "The above deficiency is based on adjustments and explanations disclosed in the report of examination, a copy of which was forwarded to you on January 3, 1957."

By amendment to his petition, petitioner filed a copy of that "report of examination" which contained in part the following language:

(b) Dependent Children_____ $1,800.00
    From information received in this office the following figures were determined.

| *Fitzner Support* | | *Rucker Support* | |
|---|---|---|---|
| 5 months_____ | $546.14 | 7 Mo_____ 1031.14 | |
| Cash_____ | 200.00 | ——————— | |
| Clothing_____ | 21.96 | | |
| Total_____ | $768.10 | Total Support___ | $1031.14 |
| | | | 768.10 |
| | | | $1799.24 |
| ½ of Total Support_____ | | | $899.62 |

#### OPINION.

The only issue is whether petitioner contributed more than one-half of the total support of his three children during 1955 so as to qualify them as dependents within the meaning of section 152(a)(1) of the 1954 Internal Revenue Code.[1]

Petitioner appeared at the hearing herein and testified generally as to the amounts which he expended on behalf of his three children during the taxable year in issue. While we have accepted his testimony as to the support which he contributed, this is not enough to entitle him to the exemptions claimed. The statute defines a dependent as any one of certain enumerated individuals, over half of whose total support was supplied by the taxpayer during the taxable year under consideration. Thus, in order for petitioner to prevail, he must establish not only what amount he contributed toward the support of his three children during 1955, but must also show that that amount was in excess of one-half the total support of those children for that year. Inasmuch as petitioner has failed to establish the total support contributed for the

---

[1] SEC. 152. DEPENDENTS DEFINED.

    (a) GENERAL DEFINITION.—For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer * * *

      (1) A son or daughter of the taxpayer, * * *

taxable year, i.e., the amounts contributed by him plus the amounts contributed by the Ruckers, he has failed to meet the burden of proof, and his position cannot be sustained.

Initially, petitioner directs our attention to a worksheet prepared by his representative at his direction during the conference held with the internal revenue agent and the Ruckers. This worksheet is in evidence herein, and contains a column headed "Claimed by Ruckers" wherein is set forth various amounts presumably expended by the Ruckers for such enumerated items as medical expenses, food, laundry, rent, clothing, and miscellaneous items. This exhibit was admittedly not prepared by petitioner, and has not been attested to by its author. Under these circumstances it is not competent evidence of the amounts expended by the Ruckers for the support of the children during 1955.

On brief petitioner maintains that respondent "by his notice of deficiency determined the total support required in 1955 for the support of * * * [his] children"; that petitioner has established that he contributed over one-half of that total support; and that therefore, petitioner is entitled to the claimed exemptions.

In making this contention, it is obvious that petitioner, as proof of the total support figure for 1955, is relying upon the revenue agent's report of examination upon which respondent based his determination of deficiency. What we said in *J. Paul Blundon*, 32 B.T.A. 285 (1935), with respect to the competency of revenue agents' reports to prove the truth of the facts contained therein, is of particular application here. There, the agent's report formed the basis for the deficiency notice, and it was introduced into evidence solely as showing the Commissioner's basis for determining the deficiency. In support of his contentions the taxpayer relied upon statements contained in the revenue agent's report. Commenting on the inadequacy of this type of proof, we said:

Reports of revenue agents are not competent proof of the facts stated therein in the absence of an agreement to that effect. * * * Here the report is in the record merely for the purpose of showing the basis for the respondent's determination, not as proof of the facts appearing in the document. There being nothing in evidence from which any facts can be found on the issue, there is no alternative but to sustain the respondent.

See also *Series "A" Trust* v. *Helvering*, 126 F. 2d 530 (C.A.D.C., 1942), certiorari denied 317 U.S. 649 (1942); and *Wood* v. *Commissioner*, 197 F. 2d 859 (C.A. 5, 1952), affirming a Memorandum Opinion of this Court.

Exactly the same situation prevails here, and we see no reason to apply a different rule. There being no evidence as to the total expended on support of petitioner's three children during the taxable year 1955, we are unable to conclude that petitioner has contributed in excess of one-half thereof, and we therefore sustain respondent.

*Decision will be entered for the respondent.*