Clarence E. Larson and Viva Mae G. Larson v. Commissioner.
Larson v. Commissioner
Docket No. 517-63.
United States Tax Court
T.C. Memo 1964-271; 1964 Tax Ct. Memo LEXIS 67; 23 T.C.M. (CCH) 1647; T.C.M. (RIA) 64271; October 19, 1964
Clarence E. Larson, pro se, 2625 University Ave., N.E., Minneapolis, Minn. Sidney C. Freed, for the respondent. FISHER
Memorandum Findings of Fact and Opinion FISHER, Judge: Respondent determined a deficiency in income tax of the petitioners for the year 1960 in the amount of $152.75. Petitioners *68 claimed an overpayment for the same year in the amount of $81 but conceded this issue at the trial. The only issue before us is whether petitioners furnished more than one-half of the total cost of support of Daniel Larson for the calendar year 1960. Findings of Fact For the calendar year 1960, Clarence E. Larson and Viva Mae G. Larson filed a joint Federal income tax return with the district director of internal revenue for the district of Minnesota. During the year 1960 and at all times subsequent thereto, Clarence and Viva Mae G. Larson were husband and wife. They used the cash receipts and disbursements method of accounting in computing their taxable income for the year 1960. Prior to and during a portion of the year 1958, Clarence was married to Marlene P. Larson. The marriage between Clarence and Marlene was dissolved by a decree of divorce in 1958. Daniel and Sandra are the only children of the marriage between Clarence and Marlene. By the terms of the divorce decree Clarence was required to pay as support for Daniel and Sandra the sum of $40 on the 1st and 15th days of each month during the year 1960. During the year 1960, Clarence and Viva Mae drew checks payable *69 to Marlene toward the support of Daniel and Sandra in the total amount of $920. Marlene was remarried and at the time said checks were paid was known as Marlene Rostomily. Throughout the year 1960 Daniel and Sandra resided with their mother, Marlene, at 4431 Toledo Avenue, Robbinsdale, Minnesota. At the close of the year 1960, Daniel was 11 years old and Sandra was 7 years old. Opinion Section 151(e) of the Internal Revenue Code of 1954 provides for an exemption of $600 for each dependent (as defined in section 152 of the 1954 Code) meeting the statutory requirements. In the case of an individual, such exemptions are allowed as deductions in computing taxable income. See section 151(a), 1954 Code. In the context of the instant case, an exemption for Daniel Larson is allowable as a deduction to the petitioners only if the petitioners contributed over half of Daniel's support for the calendar year 1960. Respondent concedes that all the requirements for a dependency exemption are present in this case if the petitioners can prove that they contributed over half of Daniel's support for the year in question. We have repeatedly held that in order for a *70 taxpayer to prevail in a case such as the instant case, he must establish not only what amount he contributed toward the support of the alleged dependent, but also show that that amount was in excess of one-half the total support of the alleged dependent for the year involved. See, for examples, James H. Fitzner, 31 T.C. 1252 (1959); Aaron F. Vance, 36 T.C. 547 (1961). The parties stipulated that during the year 1960, petitioners drew checks payable to Marlene Rostomily, Daniel's Mother, in the total amount of $920. There is no evidence, however, as to what amount constituted over one-half of Daniel's support for the calendar year in question, or whether any such amount exceeding one-half of such support was received from petitioners. In the light of the foregoing, we must hold that petitioners have failed to meet the burden of proving that they contributed over half of the support of Daniel for the year 1960. Decision will be entered for the respondent.