Levi T. Gardner, Jr. v. Commissioner. Alfred C. and Marie M. Austin v. Commissioner.
Gardner v. Commissioner
Docket Nos. 999-64, 1149-64.
United States Tax Court
T.C. Memo 1965-216; 1965 Tax Ct. Memo LEXIS 112; 24 T.C.M. (CCH) 1116; T.C.M. (RIA) 65216; August 11, 1965
Levi T. Gardner, Jr., pro se, 3280 Collingwood, Detroit, Mich. H. Franklin Brown, for the petitioners, in Docket No. 1149-64. Joseph F. Dillon, for the respondent. FORRESTER
Memorandum Findings of Fact and Opinion FORRESTER, Judge: The respondent has determined a deficiency in petitioner Gardner's income taxes for the calendar year of 1962 in the amount of $442.99 and he has determined a deficiency in the income taxes of petitioners Alfred C. and Marie M. Austin for the calendar year 1962 in the amount of $577.79. Petitioner Gardner has failed to contest some of the adjustments determined as to him, and petitioners Alfred C. and Marie M. Austin have failed to contest some of the adjustments determined as to them, consequently, decisions will be entered under Rule 50 in each of the docket numbers. The sole remaining *113 issue in each of the docket numbers concerns the entitlement of the respective petitioners to claimed dependency exemptions for the two minor daughters of Levi T. Gardner, Jr., and Marie M. Austin. Some of the facts have been stipulated and they are so found. Levi T. Gardner, Jr., (hereinafter referred to as Levi) filed his individual Federal income tax return for the calendar year 1962 with the district director of internal revenue, Detroit, Michigan. Alfred C. and Marie M. Austin filed a joint Federal income tax return for the calendar year 1962 with the district director of internal revenue, Detroit, Michigan. Levi and Marie M. Austin (hereinafter referred to as Marie) were divorced in March 1962 and by the divorce decree Levi was required to and did pay to Marie through the office of the Friend of the Court, during the year 1962, the sums of $674.50 each for the "care, support and maintenance and education" of their two minor daughters, Sydney M. Gardner and Lynne M. Gardner (hereinafter referred to as Sydney and Lynne). Sydney and Lynne lived with Marie, separate and apart from Levi, during the entire year 1962 at 59 Chandler through May 4, thereafter at 3316 Glenn through *114 December 7 and at 19331 Cherrylawn thereafter to the end of the year. All of these addresses are Detroit, Michigan. The first two of the above abodes were rented while the third was being purchased by Marie and Alfred C. Austin. Marie married Alfred C. Austin on May 4, 1962, and thereafter he lived in the household with Marie, Sydney and Lynne. For almost 4 months of 1962 Levi T. Gardner III, an older child of Marie and Levi for whom no dependency exemption is claimed by any party, also resided at the abode of Marie, Sydney, Lynne and Alfred C. Austin. Section 152 of the Internal Revenue Code of 1954 provides in pertinent part "(a) * * * the term 'dependent' means any of the following individuals over half of whose support, for the calendar year * * *, was received from the taxpayer * * *: (1) A son or daughter of the taxpayer, * * *" Levi and Marie each has, in their respective cases, the burden of establishing not only what amount he or she contributed to support of Sydney and to support of Lynne but also the burden, of showing that that amount was in excess of one-half of the total amount expended for support of each such child during 1962 ( James H. Fitzner, 31 T.C. 1252). *115 However, respondent on brief asks only that "[his] determination as to one or the other [of the] petitioners * * * be sustained." Marie testified generally concerning various expenditures on her part toward the support of Sydney and of Lynne and documented a good portion of her testimony by introducing cancelled checks into evidence. Levi testified to certain other expenditures on his part directly to, or for the benefit of, Sydney and of Lynne in addition to the $674.50 as to each which he paid to Marie for such purposes through the Friend of the Court, but in view of our conclusions it is unnecessary to make definite findings as to these other expenditures and we do not do so. Having carefully considered the stipulation and all of the evidence of record, we have concluded that in addition to such other amounts over $674.50 each expended by Levi that the total amount expended for the support of Sydney during 1962 was $1,150 and the total amount expended for the support of Lynne during such year was $1,000. Since the $674.50 each contributed by Levi to Marie through the Friend of the Court for such purposes amounts to more than half of such sums in each case, Levi is entitled *116 to the dependency exemption for both Sydney and Lynne for the calendar year 1962. Decisions will be entered under Rule 50.