## VICTOR AND EVELYN BLANCO, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 4042–68.    Filed June 15, 1971.

*Towner Leeper*, for the petitioners.

*W. Read Smith* and *Robert L. Liken*, for the respondent.

SIMPSON, *Judge:* The respondent has determined a deficiency of $1,654.85 in the income tax of the petitioners for 1965. The first issue for decision is whether the petitioners are entitled to a dependency deduction for that year for Jon V. Blanco, the son of the petitioner Dr. Victor Blanco and his former wife. If our decision with respect to that issue is affirmative, we must then decide whether they may deduct as medical expenses the amounts that Dr. Blanco paid to keep Jon in a private school during part of 1965, and the legal fees and other expenses that Dr. Blanco paid with respect to litigation concerning his support obligation and Jon's mental competency.

## FINDINGS OF FACT

Some of the facts were stipulated, and those facts are so found.

The petitioners, Dr. Victor Blanco and Evelyn Blanco, were husband and wife during 1965, and they maintained their residence in El Paso, Tex., when the petition was filed in this case. They filed their joint Federal income tax return for 1965 with the district director of internal revenue, Austin, Tex. Dr. Blanco will be referred to as the petitioner.

The petitioner was previously married to Ruth LacKamp Blanco, now Ruth LacKamp Preston (Mrs. Preston). They were divorced under a decree entered on December 22, 1955. Custody of their son, Jon V. Blanco, who was born on April 27, 1947, was granted to Mrs. Preston. As a result of the decree, the petitioner was required to support Jon until he reached the age of 18.

In 1965, Jon lived with his mother in El Paso, Tex., and Warrensburg, Mo., from January 1 to June 5, and for the rest of the year, he was a student at the Green Bank School in Glenmoore, Pa. The Green Bank School is a school for children who are mentally deficient; Jon had been declared mentally incompetent.

In April and June of 1965, there were two legal proceedings with respect to Jon's mental competency and the petitioner's obligation to support Jon past the age of 18. Mrs. Preston initiated the litigation to obtain a modification of the divorce decree with respect to such obligation of support. Her motion was based on Tex. Rev. Civ. Stat. art. 4639a–1 (1961), which deals with support payments for a mentally or physically unsound child who is unable to provide for himself, and which applies whether or not the child is a minor. On August 12, 1965, a judgment was entered in the District Court of Travis County, Tex., stating that it was modifying the divorce decree in order to provide custodial care for Jon, and it required the petitioner to pay $360 per month, payable to the Green Bank School, for Jon's support. Such requirement was "pro-rated as of June 10, 1965."

In 1965, the petitioner paid certain sums of money to the Green Bank School on account of Jon. The petitioner made payments to both his and Mrs. Preston's attorneys for services rendered in connection with the litigation relating to his support obligation and Jon's competency; he also incurred and paid other expenses in connection with such litigation. In addition, he expended other sums of money in 1965 on Jon's behalf and for his support. No one other than the petitioner and Mrs. Preston contributed to Jon's support in 1965.

The audit of the petitioners' 1965 income tax return was conducted by Revenue Agent Raymond E. Wormley. In dealing with the issue of the petitioner's entitlement to the dependency deduction for Jon,

Mr. Wormley contacted by telephone Internal Revenue tax technician John R. Madden, in Kansas City, who had audited the return of Mrs. Preston. Mr. Madden reported that Mrs. Preston had checks to substantiate payments with respect to Jon in 1965 in the total amount of $5,186.31, including expenditures which she made in connection with the litigation. Mr. Madden told Mr. Wormley the amount which she claimed with respect to each item. Such information included no amount whatsoever for food for Jon. Mr. Wormley made a list of those items which he considered allowable as support and those which he considered unallowable. The latter category included all of the expenditures related to the litigation, which totaled $2,295.90. However, according to Mr. Wormley's figures, the allowable items totaled $2,890.41.

After interviewing the petitioner and his accountant several times, Mr. Wormley prepared similar lists, using the same criteria for allowability, with respect to the items of support claimed by the petitioner. The items which Mr. Wormley considered allowable and with respect to which the petitioner provided substantiation totaled $2,658.13; he considered as unallowable $1,578.46 of litigation-related expenses claimed by the petitioner. Based upon the analysis of the claims of the petitioner and Mrs. Preston, Agent Wormley concluded that the petitioner had failed to show that he provided more than one-half of the total support for Jon during 1965. The respondent disallowed the dependency deduction claimed by the petitioner for Jon in that year; he also disallowed the deduction for medical care including the amount paid to the Green Bank School and the legal expenses paid by the petitioner in connection with the litigation in 1965.

At trial, the petitioner testified with respect to additional amounts which he claimed to have spent for Jon's support. Some of such amounts were represented by canceled checks, and others were not.

OPINION

The first issue for decision is whether or not the petitioners have shown themselves to be entitled to the dependency deduction for Jon for 1965. To make such a showing under the law applicable to 1965, they must prove that they furnished over one-half of Jon's total support during that year. Sec. 152(a), I.R.C. 1954 [1]; sec. 1.152–1(a), Income Tax Regs.; *Rose D. Seraydar*, 50 T.C. 756, 760 (1968); *Aaron F. Vance*, 36 T.C. 547, 549 (1961); Rule 32, Tax Court Rules of Practice. One prerequisite to making such a showing is the demonstration, by competent evidence, of the total amount of the child's support furnished by all sources for that year. If the amount of total support is

---

[1] All statutory references are to the Internal Revenue Code of 1954, unless otherwise indicated.

not shown, and cannot be reasonably inferred from the competent evidence available to us, then it is not possible to conclude that the petitioners furnished more than one-half. *James E. Stafford*, 46 T.C. 515, 518 (1966) ; *James H. Fitzner*, 31 T.C. 1252, 1255 (1959).

The petitioner has furnished substantial evidence with respect to his own contributions to Jon's support, but the requisite showing of total support has not been made. The petitioner has established that he and Mrs. Preston were the sole contributors to Jon's support in 1965; to show Mrs. Preston's contributions, the petitioner relies solely upon a list of figures used by Mr. Wormley, who secured them from Mr. Madden. Such figures represented expenditures which Mrs. Preston apparently substantiated by check to Mr. Madden's satisfaction, and which he and Mr. Wormley believed to constitute allowable expenditures in determining Jon's support. Mr. Wormley compared the total of such expenditures to the total that he believed the petitioners had established as their contribution to Jon's support, and because the latter figure fell short of Mrs. Preston's allowable contributions as related by Mr. Madden, Mr. Wormley recommended the disallowance of the deduction claimed by the petitioners.

A revenue agent's report, even though it forms the basis for the respondent's notice of deficiency, is not competent evidence to prove the truth of the facts contained therein, in the absence of a specific agreement to that effect. *James H. Fitzner, supra* at 1255; *J. Paul Blundon*, 32 B.T.A. 285, 288–289 (1935). This case is a very appropriate situation for the application of such evidentiary principle. Mr. Madden, who obtained the figures on which the petitioner seeks to rely, did not testify; we do not know whether he believed that such checks represented the whole of Mrs. Preston's contributions to Jon's support. Only Mr. Wormley and the petitioner testified, and neither of them testified as to any firsthand knowledge with respect to support furnished by Mrs. Preston. Mr. Wormley did not know whether there were other items of support that Mrs. Preston could have shown. Mr. Madden's figures represent checks which Mrs. Preston allegedly used to pay for certain items of support for Jon; we do not know whether she made any expenditures for support in cash, whether she made any such expenditures by check for which she could not produce the canceled check, or whether she made any contributions to support which would not be evidenced by a corresponding outlay of money, such as is often the case when lodging is provided. We know that Jon lived with Mrs. Preston for over 5 months in 1965; seldom is it the case, when a parent is supporting a dependent child who lives with him or her, that all of the parent's contributions to the child's support are evidenced by checks. Specifically, we know that the list of Mrs. Preston's contribu-

tions that Mr. Wormley was working with made no provision for food; surely, over a period of more than 5 months, substantial expenditures for food must have been made for a boy 17 or 18 years old.

To support his argument that we should consider the amounts of Mrs. Preston's checks as tentatively "allowed" by Mr. Madden, the petitioner cites *Southern Ford Tractor Corporation*, 29 T.C. 833 (1958). In that case, this Court said that the presumption of correctness of the respondent's determination applies also to all findings which are necessarily included in such determination. However, with respect to the case at hand, the only finding necessarily included in the respondent's determination was simply that the petitioners did not contribute more than one-half of Jon's support in 1965. Such a finding might include a maximum figure representing the petitioner's contribution, and a minimum figure representing Mrs. Preston's contribution; but there was no need for the respondent to have ascertained a maximum figure for Mrs. Preston's contribution. Once the respondent concludes that the petitioner's total, with all of his claims considered, falls short of contributions made by Mrs. Preston, the respondent would have no reason to try to determine whether the list of contributions by Mrs. Preston is complete. Indeed, Mr. Wormley testified to this effect.

We hold that the list of checks evidencing Mrs. Preston's expenditures for Jon's support, as prepared by Mr. Madden and as used by Mr. Wormley, is not competent evidence in this proceeding to prove the amount of support furnished by her. In addition, the respondent's determination of deficiency against the petitioners does not include, as a necessary element thereof, the finding that Mrs. Preston contributed no more to Jon's support in 1965 than what is evidenced by Mr. Madden's list of checks. Furthermore, even if we could consider such list of checks as proof of its accuracy, we could not conclude from that list that Mrs. Preston would be unable to show any additional contributions. Indeed, the petitioner claims that his contributions to Jon's support include many items which he cannot substantiate by means of canceled checks; but in his attempt to prove total support, he assumes that Mrs. Preston made no such contributions other than those evidenced by canceled checks. Therefore, under any view of the record presented here, we conclude that the petitioners have failed to show the amount of Jon's total support in 1965.

Having so concluded, it is not necessary to decide whether the petitioner has proved that he paid certain amounts claimed by him as support for Jon in 1965 or whether those amounts are properly allocable to support furnished in that year; he has failed to show that he is entitled to a dependency deduction for Jon for 1965. And, as Jon was

not his dependent during that year within the meaning of section 152, he cannot deduct any amounts paid for Jon's medical care. Sec. 213(a) ; sec. 1.213–1(a)(3)(i), Income Tax Regs. Therefore, it is unnecessary for us to determine such amounts, or to decide whether the amounts paid in connection with the litigation qualify as deductible expenses for medical care.

*Decision will be entered for the respondent.*