T.C. Summary Opinion 2002-109

UNITED STATES TAX COURT

HELEN HUBBARD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10128-01S.                    Filed August 26, 2002.

Helen Hubbard, pro se.

<u>Anita A. Gill</u>, for respondent.

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency of $4,436 in petitioner's Federal income tax for 1999.

The issues for decision are: (1) Whether petitioner is entitled to deductions for dependency exemptions; (2) whether petitioner is entitled to head of household filing status;[1] and (3) whether petitioner is entitled to an earned income credit.

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by reference. At the time the petition was filed petitioner resided in East Cleveland, Ohio.

In 1999, petitioner lived alone at her home in East Cleveland. Petitioner's grandmother, Rebecca Willis, lived in a nursing home from 1998 until she died in August 1999. While Ms. Willis lived in the nursing home she received Social Security benefits. Petitioner's daughter, Vidah A. Saeed, lived with her five children, petitioner's grandchildren, in her own home and paid her own bills. Ms. Saeed received Social Security benefits and child-support payments from her children's father.

Petitioner claimed dependency exemption deductions for her grandmother, daughter, and two of her grandchildren, Akilah and

---

[1] Our resolution of the issue of petitioner's filing status will determine the correct computation of her standard deduction for the year at issue.

Zakihhah Saeed. Respondent issued a notice of deficiency determining that petitioner was not entitled to deductions for dependency exemptions, head of household filing status, and earned income credit because she failed to provide substantiation for her claims.

The first issue we address is whether petitioner is entitled to deductions for dependency exemptions. Deductions are strictly a matter of legislative grace, and taxpayers must satisfy the specific requirements for any deduction claimed. See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Taxpayers are required to maintain records sufficient to substantiate their claimed deductions. See sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

Taxpayers generally bear the burden of proving that the Commissioner's determination is incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Under section 7491(a)(1), however, the burden of proof shifts to the Commissioner if, among other requirements, the taxpayer introduces "credible evidence with respect to any factual issue relevant to ascertaining" his tax liability. We find that the burden of proof does not shift to respondent because petitioner has failed to comply with the requirements of section 7491(a)(1).

Section 151(c)(1) allows a taxpayer to claim an exemption deduction for each qualifying dependent as defined in section 152. As relevant here, section 152(a)(1) defines a "dependent" to mean a taxpayer's daughter, grandchildren, or grandparent who received or is treated under section 152(e) as having received over half of his or her support from the taxpayer. To qualify for a dependency exemption deduction, a taxpayer must establish the total support cost expended on behalf of a claimed dependent from all sources for the year and demonstrate that she provided over half of this amount. See Archer v. Commissioner, 73 T.C. 963, 967 (1980); Blanco v. Commissioner, 56 T.C. 512, 514-515 (1971); sec. 1.152-1(a)(2)(i), Income Tax Regs.

Petitioner argues that her grandmother and daughter meet the relationship, gross income, and support tests provided in the Internal Revenue Code and in the "RULES AS SET FORTH IN 1999 CAT. NO. 12086Y and Chapter 3 of Personal Exemptions and Dependents". Her position is that her relatives do not need to live with her to qualify for the deduction.

Petitioner testified that her grandmother's only outside source of income was Social Security. Specifically, petitioner argues that her grandmother qualifies as a dependent because she "lived" with petitioner under the temporary absence explanation provided in "Chapter 3 page 23". We need not evaluate the merits of petitioner's argument because she failed to show the total

support cost expended for her grandmother in 1999 and failed to establish that she provided over half of that amount.

Petitioner also claims that she gave her daughter money while her daughter was ill. Petitioner, however, concedes that her daughter received Social Security benefits and child-support payments. Petitioner failed to substantiate the total amount expended on behalf of her daughter for support during 1999 and that she provided over half of that amount.

Respondent argues that petitioner failed to substantiate her claims with records, receipts, or any other evidence of expenditures. Petitioner has offered no evidence of the total support furnished for her grandmother or daughter and has provided no evidence of her own contributions of support. The Court cannot conclude that petitioner provided more than one-half of either of their support. The Court thus holds that petitioner is not entitled to the dependency exemption deductions for her grandmother and daughter.

Section 152(e), support test in case of divorced parents, etc., provides a special rule for children of separated parents. Section 152(e)(1) provides that, if the child receives over half of his support from his parents and he is in the custody of one or both of his parents for more than half of the year, then the child is treated as receiving over half of his support from the custodial parent. Because Ms. Saeed and her children's father

lived apart at all times during the last 6 months of the calendar year, and she had custody of the children, she is the custodial parent.  Sec. 152(e)(1).

Petitioner has not shown that her grandchildren did not receive over half of their support from their parents.  In the present case, because Ms. Saeed is the custodial parent, she is treated as providing over half the support of her children for purposes of section 152(a).  Accordingly, petitioner is not entitled to deductions for dependency exemptions for her grandchildren for 1999.  Sec. 152(e)(1).

Section 1(b) imposes a special tax rate on individuals filing as "heads of households".  "Head of household" is defined to include an unmarried individual whose household is maintained as the principal place of abode for specific family members.  If petitioner provided over half the cost of maintaining as her home a household that for more than one-half of the year was the principal place of abode for her daughter or a grandchild, or for any other person who qualifies as her dependent under section 151, she meets the head of household definition in section 2(b)(1)(A).

Petitioner has not demonstrated that she maintained such a household.  Because petitioner is not entitled to a deduction for her grandmother under section 151, her grandmother does not serve

to qualify her for head of household filing status.  See sec. 2(b)(1)(A)(ii); sec. 1.2-2(b)(3)(ii), Income Tax Regs.

In addition, we find that petitioner did not provide over half the cost of maintaining a principal place of abode for more than one-half of 1999 for her daughter or grandchildren.  See sec. 2(b)(1)(A)(i); sec. 1.2-2(b), (c), and (d), Income Tax Regs. The Court thus holds that petitioner is not entitled to head of household filing status.

Section 32(a)(1) allows an eligible individual an earned income credit against the individual's income tax liability. Section 32(a)(2) and (b) limits the credit allowed based on whether the eligible individual has no qualifying children, one qualifying child, or two or more qualifying children.  To be eligible to claim an earned income credit with respect to a qualifying child, a taxpayer must establish:  (1) The child bears the relationship to the taxpayer prescribed by section 32(c)(3)(B); (2) the child meets the age requirements of section 32(c)(3)(C); and (3) the child shares the same principal place of abode as the taxpayer for more than one-half of the taxable year as prescribed by section 32(c)(3)(A)(ii).  Because petitioner has not established that any of her grandchildren shared her principal place of abode for more than one-half of the year at issue, she has no qualifying children for purposes of the earned income credit.

Petitioner also is not eligible for the earned income credit as an individual with no qualifying children under section 32(c)(1)(A)(ii) because her adjusted gross income in 1999 was in excess of the complete phaseout amount prescribed by section 32(a)(2). The earned income credit is completely phased out for individuals with no qualifying children and adjusted gross income in excess of $10,199 for 1999. See sec. 32(a) and (b); see also Rev. Proc. 98-61, 1998-2 C.B. 814. Petitioner had adjusted gross income of $22,448.70 in 1999. The Court holds, therefore, that petitioner is not entitled to an earned income credit.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.