T.C. Summary Opinion 2002-158

UNITED STATES TAX COURT

JOSEPH ALLEN GINGRICH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13369-01S.          Filed December 27, 2002.

Joseph Allen Gingrich, pro se.

<u>Taylor Cortright</u>, for respondent.

PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal

Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax of $4,537 for the 2000 tax year. The issues for decision are: (1) Whether petitioner is entitled to dependency exemption deductions; (2) whether petitioner is entitled to head-of-household filing status; and (3) whether petitioner is entitled to an earned income credit.

Petitioner resided in Dale City, Virginia (Dale City), at the time he filed the petition. Some of the facts have been stipulated and are so found.

Background

Petitioner and his former wife, Catrina Jackson (Ms. Jackson), have two children together: Joshua Gingrich (Joshua)[1], born in 1989, and Joseph Gingrich (Joseph), born in 1992. Petitioner and Ms. Jackson were divorced in 1994. Pursuant to the divorce decree,[2] petitioner and Ms. Jackson had joint custody of Joshua and Joseph. The children lived in petitioner's home in Dale City and occasionally stayed with their mother at her home in Alexandria, Virginia, (Alexandria) on weekends.

---

[1] The 2000 return reflects Joshua's last name as Jackson, but the record otherwise reflects his last name as Gingrich.

[2] The divorce decree was not made a part of the record.

School records dated September 27, 2001, reflect the Dale City address as the children's home address since 1999. The school records also reflect the Dale City address as Ms. Jackson's address.

Since Joshua and Joseph's school day ended before petitioner arrived home from work, petitioner made varied arrangements for the children until the end of his work day. Sometimes the children would go home, and a neighbor would check in on them. Other times Ms. Jackson or her mother would watch the children until petitioner arrived home from work.

Ms. Jackson's individually filed Federal income tax return for the taxable year 2000 reflects the Dale City address as her home address. Ms. Jackson explained that petitioner assisted her with the preparation of her return, and thus, the Dale City address was utilized.

Ms. Jackson neither paid nor received child support for Joshua and Joseph during the year in issue. She provided the children with meals when they stayed with her and occasionally purchased clothes for the children.

Petitioner worked as a police officer from 1989 until he resigned in 1999. During the taxable year 2000, petitioner received wages of $11,424. He also received distributions of

$14,000 from a pension plan in 2000.[3] Petitioner supported himself and his children from the above sources of income as well as using some of his savings. Petitioner did not receive any form of government assistance during the year at issue.

Petitioner paid monthly rent of $1,200 for the 5-bedroom house where he, Joshua, and Joseph lived during the year in issue. Petitioner also paid for the expenses for water, electricity, telephone, trash pickup, and a school field trip.

In addition to the wages reported on his Federal income tax return for the 2000 taxable year, petitioner claimed dependency exemption deductions for Joshua and Joseph; head-of-household filing status with Joshua and Joseph as his qualifying children; and an earned income credit of $3,888, based upon two qualifying children.

Respondent determined in the notice of deficiency that petitioner is not entitled to the claimed dependency exemption deductions, head-of-household filing status, and earned income credit. Respondent asserts that petitioner did not substantiate that he provided more than half of the support of the children.

---

[3] Petitioner did not report receipt of any pension distributions on his return. Respondent did not determine that petitioner received pension income that was includable in his gross income during the 2000 taxable year; therefore, the pension distributions are not at issue.

Respondent disallowed the head-of-household filing status because petitioner did not have a dependent.

Discussion

Generally, the burden of proof is on the taxpayer. Rule 142(a)(1).[4]

1. Dependency Exemption Deductions

A taxpayer is allowed a deduction for a dependent over half of whose support for the calendar year was received from the taxpayer. Secs. 151(c)(1), 152(a). A dependent includes a child of the taxpayer who has not attained the age of 19 by the close of the calendar year. Secs. 151(c)(1)(B)(i), 152(a)(1); sec. 1.152-1(a)(1), Income Tax Regs.

The term "support" includes food, shelter, clothing, medical and dental care, education, and the like. Sec. 1.152-1(a)(2)(i), Income Tax Regs. The total amount of support for each of the

---

[4] The burden of proof may shift to the Commissioner under sec. 7491 if the taxpayer establishes that he introduced credible evidence and complied with the requirements of sec. 7491(a)(2)(A) and (B) to substantiate items, maintain required records, and fully cooperate with the Secretary's reasonable requests. Sec. 7491 is effective with respect to Court proceedings arising in connection with examinations by the Commissioner commencing after July 22, 1998, the date of its enactment by sec. 3001(a) of the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, 112 Stat. 726.

Petitioner's return for the 2000 year was filed timely after the effective date of sec. 7491; therefore, the examination necessarily commenced after the effective date of sec. 7491. It appears that petitioner has introduced credible evidence and satisfied the requirements of sec. 7491; and respondent bears the burden of proof; nevertheless, we are deciding this case on the basis of the record.

claimed dependents furnished by all sources during the year in issue must be established by competent evidence. Blanco v. Commissioner, 56 T.C. 512, 514 (1971). The amount of support that the claimed dependent received from the taxpayer is compared to the entire amount of support the individual received from all sources. Sec. 1.152-1(a)(2)(i), Income Tax Regs.

In the case of a child of divorced parents, if a child receives over half of his support during the calendar year from parents who are divorced, and such child is in the custody of one or both of his parents for more than one-half of the calendar year, then such child shall be treated as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year (referred to as the "custodial parent"). Sec. 152(e)(1).

As discussed, petitioner paid for most of the expenses for Joshua and Joseph during 2000, including housing, food, and school expenses. Ms. Jackson testified that she paid for clothes and food for Joshua and Joseph on occasion, but she did not otherwise provide for their support on a regular basis or pay child support. We conclude that petitioner and Ms. Jackson together provided over one-half of the support of Joshua and Joseph.

Ms. Jackson also testified that Joshua and Joseph stayed with her at her home in Alexandria occasionally on weekends but

they did not otherwise live with her during 2000, and also that she did not live at petitioner's home in Dale City. Respondent points to the school records of Joshua and Joseph and to Ms. Jackson's return for 2000 to support his allegation that Ms. Jackson lived in the same house as petitioner during 2000; however, we do not find these documents to be dispositive. We find Ms. Jackson's testimony to be credible and conclude that she did not live in petitioner's house during 2000.

We conclude that petitioner was the custodial parent and Joshua and Joseph, therefore, are treated as receiving over half of their support from petitioner. Id. Accordingly, petitioner is entitled to the dependency exemption deductions for Joshua and Joseph for the taxable year 2000.

2. Head-of-Household Filing Status

As relevant here, an individual shall be considered a head of household if, and only if, he is not married at the close of his taxable year, is not a surviving spouse, and maintains as his home a household which constitutes for more than one-half of the taxable year the principal place of abode, as a member of such household, of an unmarried child of the taxpayer. Sec. 2(b)(1)(A)(i); sec. 1.2-2(b)(1), (b)(3), Income Tax Regs. A taxpayer shall be considered as maintaining a household only if he pays over half of the cost thereof for the taxable year. Sec. 2(b)(1); sec. 1.2-2(d), Income Tax Regs. The expenses of

maintaining a household include rent, utility charges, upkeep and repairs, and food consumed on the premises. Sec. 1.2-2(d), Income Tax Regs.

As we concluded above, Joshua and Joseph had as their principal place of abode petitioner's home in 2000, and petitioner provided over half of the support for maintaining the home; that is, he paid the rent for the house in which they lived and other household expenses. We conclude that petitioner is entitled to head-of-household filing status for 2000.

   3.  Earned Income Credit

Under section 32(a), a taxpayer may be allowed an earned income credit if he is an eligible individual. An "eligible individual" includes one who has a qualifying child for the taxable year. Sec. 32(c)(1)(A)(i). A "qualifying child" includes a child of the taxpayer who has the same principal place of abode as the taxpayer for more than one-half of the tax year and has not attained the age of 19 as of the close of the taxable year. Sec. 32(c)(3).

In order to receive the earned income credit, the taxpayer must have identified the qualifying child on his return under the identification rule of section 32(c)(3)(D).

The earned income credit to which an eligible individual may be entitled is an amount equal to the credit percentage of so much of the taxpayer's earned income for the taxable year as does

not exceed the earned income amount.  Sec. 32(a)(1).  The amount of the credit shall not exceed the excess, if any, of the credit percentage of the earned income amount over the phaseout percentage of so much of the modified adjusted gross income (or, if greater, the earned income) of the taxpayer for the taxable year as exceeds the phaseout amount.  Sec. 32(a)(2).

During 2000, Joshua and Joseph both had the same principal place of abode as petitioner and were under the age of 19. Petitioner identified Joshua and Joseph on his return for 2000. We conclude that petitioner had two qualifying children in 2000, is an eligible individual under section 32(c)(1)(A)(i), and is entitled to claim an earned income credit to the extent allowable under section 32(b).

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

Decision will be entered

for petitioner.