T.C. Summary Opinion 2008-31

UNITED STATES TAX COURT

JOSEPH LEE MARSHALL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19428-06S.            Filed March 26, 2008.

Joseph Lee Marshall, pro se.

<u>Richard F. Stein</u>, for respondent.

GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for

the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $6,063 in petitioner's 2005 Federal income tax. The issues for decision are: (1) Whether petitioner is entitled to dependency exemption deductions for two children; (2) whether petitioner is entitled to a child tax credit; (3) whether petitioner qualifies for head of household filing status; and (4) whether petitioner is entitled to an earned income credit.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioner resided in Baltimore, Maryland.

From November 2004 through July 2005, petitioner lived in a row house in Baltimore, Maryland, with his mother Ernestine Marshall (Ms. Marshall), his girlfriend Eunice Briscoe (Ms. Briscoe), and Ms. Briscoe's two minor children, FA and AA.[1] Petitioner is not related to FA or AA by blood or marriage and had not adopted FA or AA. FA and AA's biological father did not provide any support for the children. The row house was owned by Ms. Marshall. Neither petitioner nor Ms. Briscoe paid rent while they lived in Ms. Marshall's home; however, petitioner and Ms.

---

[1] The Court uses initials when referring to minor children.

Briscoe both contributed funds for food and utility costs. Petitioner paid Ms. Marshall approximately $250 to $300 a month for "room and board" while residing in her home.

In August 2005, petitioner, Ms. Briscoe, FA, and AA moved into an apartment in Baltimore, Maryland. Petitioner lived in the apartment with Ms. Briscoe, FA, and AA through the end of 2005. The rent for the apartment was $675 a month. Initially, petitioner and Ms. Briscoe each paid approximately one-half the rent. However, from October through December 2005, petitioner paid all of the rent. Additionally, petitioner paid for utilities amounting to approximately $110 to $170 per month.

In 2005, petitioner received $21,040 in wages from his work as a fork lift operator. Petitioner's mother was retired and receiving Social Security benefits. Ms. Briscoe was employed at Popeye's Chicken and Biscuits Restaurant until June 2005,[2] when she began working at Sinai Hospital. Ms. Briscoe earned $600-$700 biweekly while employed at Sinai Hospital. Ms. Briscoe ended her employment at the hospital in September 2005.[3]

Petitioner timely filed his 2005 Federal income tax return as a head of household. He also claimed dependency exemption

---

[2] The record does not disclose how much Ms. Briscoe earned while employed at Popeye's.

[3] According to petitioner, Ms. Briscoe also received State assistance; however, it is not known what type of assistance she received nor the amount thereof.

deductions for the two children, child tax credits, and an earned income credit with respect to FA and AA. Petitioner listed the two children as his son and daughter on his 2005 Federal income tax return.

Respondent issued petitioner a notice of deficiency in July 2006, denying the claimed deductions and credits and changing petitioner's filing status to single. Petitioner filed a timely petition for redetermination.

## Discussion

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayer bears the burden of showing that the determination is in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any deduction or credit claimed on a return. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Wilson v. Commissioner, T.C. Memo. 2001-139.

Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. Petitioner has neither alleged that section 7491(a) applies nor established his compliance with the requirements of section 7491(a)(2)(A) and (B) to substantiate items, maintain records, and cooperate fully with respondent's

reasonable requests. Petitioner therefore bears the burden of proof.

A. <u>Dependency Exemption Deductions</u>

A taxpayer may be entitled to a dependency exemption deduction for each of his or her dependents. Sec. 151(a), (c). However, a taxpayer is entitled to claim a dependency exemption deduction only if the claimed dependent is a "qualifying child" or a "qualifying relative" under section 152(c) or (d). Sec. 152(a).

Under section 152(c)(1)(A), a qualifying child is a child who bears a relationship to the taxpayer described in section 152(c)(2). That relationship, for purposes of this case, exists if the claimed dependent is either a child of the taxpayer, a brother, sister, stepbrother, stepsister, or a descendant of any such relative. Section 152(f)(1) expands the definition of "child" to include an individual who was legally adopted by or is an eligible foster child of the taxpayer. Sec. 152(f)(1)(A)(ii), (B). Petitioner has not adopted either child, nor is he related to FA or AA by blood or marriage. Neither FA or AA was placed with petitioner by an authorized placement agency or a court order. Sec. 152(f)(1)(B) and (C). Thus, petitioner has failed to establish that either FA or AA is a qualifying child as to petitioner.

Section 152(d)(1) defines a qualifying relative as an individual: (A) Who bears a relationship to the taxpayer as described in section 152(d)(2); (B) whose gross income for the year is less than the exemption amount defined in section 151(d); (C) who receives over half of his or her support from the taxpayer for the taxable year at issue; and (D) who is not a qualifying child of the taxpayer or of any other taxpayer for the taxable year. Section 152(d)(2) lists eight types of qualifying relationships. The first seven involve situations where an individual is related to the taxpayer by blood or marriage. Sec. 152(d)(2)(A) through (G). As stated above, a legally adopted individual is included in the definition of "child" for purposes of this section. Sec. 152(f)(1)(B). As previously discussed, FA and AA were not related to petitioner by blood or marriage, nor were they adopted by petitioner. Thus, section 152(d)(2)(A) through (G) does not apply.

Section 152(d)(2)(H) provides the eighth qualifying relationship. An individual may be considered a relative under section 152(d)(2) even though not related to the taxpayer in the traditional sense if that person: (1) Is not the taxpayer's spouse; (2) has the same principal place of abode as the taxpayer; and (3) is a member of the taxpayer's household during the taxable year. Sec. 152(d)(2)(H). In order for an individual to be considered a member of a taxpayer's household, the taxpayer

must maintain the household, and both the taxpayer and the individual must occupy the household for the taxable year. Sec. 1.152-1(b), Income Tax Regs. A taxpayer maintains a household when he pays more than half of the expenses for the household. Rev. Rul. 64-41, 1964-1 C.B. 84. FA and AA had the same principal place of abode as petitioner, who was unmarried. Further, petitioner, FA, and AA occupied the household for 2005.

The record does not provide us with sufficient evidence of the total available sources of support for the children or that petitioner paid more than half of the expenses for the household. Thus, FA and AA are not considered related to petitioner for purposes of section 152(d)(1)(A).

Even if we concluded that FA and AA were related to petitioner within the meaning of section 152(d)(2)(H), section 152(d)(1)(C) requires that petitioner also provide over half of the total support for the children for the taxable year. In order to meet this burden of support, petitioner must establish, by competent evidence, the total amount of support furnished for the taxable year at issue. See Blanco v. Commissioner, 56 T.C. 512, 514-515 (1971); Cotton v. Commissioner, T.C. Memo. 2000-333. Support includes "food, shelter, clothing, medical and dental care, education, and the like." Sec. 1.152-1(a)(2)(i), Income Tax Regs.

As previously indicated, petitioner offered little evidence as to the total sources of support or his share of support for FA and AA. Both petitioner and Ms. Briscoe helped pay for food and utilities when they lived with petitioner's mother, but neither paid rent. While petitioner may have paid for room and board, we have little information as to the total expenditures to support the children during the period January to August 2005. After petitioner moved with Ms. Briscoe and the children in August of 2005, petitioner paid one-half the rent for a period of time. At some point during or after September 2005, petitioner paid the entire rent. There is still insufficient evidence in this record to establish the total cost of the children's support during this period, and thus petitioner failed to establish that he provided more than half of the children's support for 2005. Petitioner has failed to prove that either FA or AA is a qualifying relative.

Neither FA nor AA may be considered a qualifying child or a qualifying relative; therefore, neither child may be considered petitioner's dependent. Petitioner is not entitled to a dependency exemption deduction for FA or AA. Respondent's determination on this issue is sustained.

B. Child Tax Credits

Section 24(a) provides for a "credit against the tax * * * for the taxable year with respect to each qualifying child of the

taxpayer". Section 24(c)(1) provides that, for purposes of section 24, "qualifying child" means an individual under age 17 who is a qualifying child of the taxpayer as defined in section 152(c). As discussed above, petitioner has not shown that either FA or AA is a qualifying child of petitioner under section 152(c). Therefore, he has not established that either child is a qualifying child for purposes of section 24.

Petitioner, thus, is not entitled to a child tax credit for FA or AA. Respondent's determination on this issue is sustained.

C.  Head of Household Filing Status

Section 1(b) grants a special lower income tax rate to a taxpayer who files as head of household. As relevant to this case, to qualify as a head of household the taxpayer must maintain as his or her home a household that is the principal place of abode for more than half of the taxable year of an individual who qualifies as the taxpayer's dependent under section 151. Sec. 2(b)(1)(A)(ii); Toney v. Commissioner, T.C. Memo. 2004-165. Section 151(c) allows an exemption for each individual who is a dependent of the taxpayer, as defined in section 152(a), for the taxable year in question. Further, section 152(a)(1) and (2) defines a dependent as a qualifying child or a qualifying relative.

Neither FA nor AA was a qualifying child or a qualifying relative of petitioner, as discussed supra. Therefore, the

children are not dependents for purposes of section 151(c). Because petitioner had no dependents as required under section 151, he is not entitled to head of household filing status for 2005. Respondent's determination on this issue is sustained.

D.  Earned Income Credit

Section 32(a) provides for an earned income credit in the case of an eligible individual. Section 32(c)(1)(A)(i), in pertinent part, defines an "eligible individual" as "any individual who has a qualifying child for the taxable year". A qualifying child is a child of the taxpayer as defined in section 152(c). Sec. 32(c)(3). As stated above, neither FA nor AA was petitioner's qualifying child for 2005. Thus, petitioner is not entitled to an earned income credit. Respondent's determination on this issue is sustained.

To reflect the foregoing,

Decision will be entered

for respondent.