T.C. Summary Opinion 2003-48


UNITED STATES TAX COURT


CHRISTOPHER CHRISTIE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 2427-02S.                    Filed May 6, 2003.


Christopher Christie, pro se.

John D. Faucher, for respondent.


COUVILLION, Special Trial Judge:  This case was heard pursuant to section 7463.[1]  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

_____

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $2,632 in petitioner's Federal income tax for 2000.

The issues for decision are: (1) Whether petitioner is entitled to a dependency exemption deduction under section 151(c); (2) whether petitioner is entitled to head-of-household filing status under section 2(b); and (3) whether petitioner is entitled to the earned income credit under section 32(a).

Some of the facts were stipulated, and those facts, with the annexed exhibits, are so found and are incorporated herein by reference. At the time the petition was filed, petitioner's legal residence was Houston, Texas.

Petitioner was incarcerated in the Texas State prison system at Amarillo, Texas, for 5-1/2 years. He was released from incarceration on or about June 27, 2000. At that time, petitioner moved in with his mother and an aunt who lived in a home owned by them and 11 other brothers and sisters. Petitioner lived with them throughout the remainder of 2000. Shortly after his release from prison, petitioner began working for several of his friends doing carpentry work. They paid petitioner in cash for his services, and no IRS Forms W-2, Wage and Tax Statement, were issued to him at the end of 2000 with respect to the amounts paid to him. At trial, petitioner admitted earning between $3,400 to $4,000 while he was so employed. In September 2000, petitioner began working for MHI Hotels LLC and earned $9,056.79

with this employer during the remainder of 2000.  This amount was reflected on a Form W-2 issued to petitioner.

Although petitioner previously had a common-law marriage, he was not married during the year 2000.  However, petitioner claims to have had a child in a relationship with a different woman and offered into evidence a birth certificate for a female named La Toya La'Que Johnson, who was born on October 4, 1980, and whose mother is listed as Shirley Dianne Johnson.  The birth certificate, however, does not list a father, although petitioner claims he was the father of La Toya Johnson.  Petitioner was never married to Shirley Dianne Johnson.

Petitioner filed a Federal income tax return for 2000 on which he reported the $9,057 wage and salary income earned from MHI Hotels LLC.  He did not report the cash income he earned doing carpentry work.  Petitioner claimed head-of-household filing status and claimed a dependency exemption deduction for La Toya Johnson.  The return shows a zero tax liability, Federal income tax withheld of $966, and a claimed earned income credit of $2,353, based upon La Toya Johnson as the qualifying child.  The tax withheld and the earned income credit totaled $3,319, all of which was claimed as a refund.  Petitioner did not elect to have that amount applied to his 2001 estimated Federal income tax.

In the notice of deficiency, respondent disallowed petitioner's claimed dependency exemption, disallowed the earned income credit, and determined that petitioner's filing status was single rather than head-of-household. Although respondent became aware of petitioner's unreported cash income from petitioner's admission at trial, respondent did not move to assert an increased deficiency attributable to the unreported cash income payments.

The Court first addresses petitioner's entitlement to the claimed dependency exemption deduction for La Toya Johnson.[2] The Court assumes that La Toya Johnson was petitioner's child, although the evidence for such a conclusion is not entirely convincing.

Section 151(c) allows taxpayers to deduct an annual exemption amount for each dependent as defined in section 152. Under section 152(a), the term "dependent" means certain

---

[2] At trial, respondent agreed that sec. 7491 is applicable in this case because the audit of petitioner's Federal income tax return commenced after July 22, 1998. Sec. 7491, in certain instances, shifts the burden of proof from petitioner to respondent. Rule 142(a). The Court concludes the burden of proof did not shift to respondent because petitioner failed to satisfy the conditions of sec. 7491. Specifically, petitioner maintained no records to substantiate the claimed dependency exemption and ignored all requests by respondent prior to trial for such information. Petitioner's first meeting with counsel for respondent was a belated appearance after the Court had completed the call of the calendar at the commencement of the trial session. Sec. 7491(a)(2).

individuals over half of whose support was received from the taxpayer during the taxable year in which such individuals are claimed as dependents. Eligible individuals who may be claimed as dependents include, among others, a son or daughter of the taxpayer. See sec. 152(a)(1).

Section 1.152-1(a)(2)(i), Income Tax Regs., provides that, in determining whether an individual received over half of his support from the taxpayer, "there shall be taken into account the amount of support received from the taxpayer as compared to the entire amount of support which the individual received from all sources, including support which the individual himself supplied." In Blanco v. Commissioner, 56 T.C. 512, 514-515 (1971), this Court held that, in establishing that more than one-half of a dependent's support has been provided, a prerequisite to such a showing is the demonstration by competent evidence of the total amount of the dependent's support from all sources for that year. If the amount of total support is not established and cannot be reasonably inferred from competent evidence available to the Court, it is not possible to conclude that the taxpayer claiming the exemption provided more than one-half of the support of the claimed dependent.

Petitioner was incarcerated for the first 6 months of the year 2000 and admitted he provided no support to La Toya Johnson during that period. After petitioner was released from

incarceration and began residing with his mother and aunt, Shirley Johnson and her child moved in with them. Petitioner acknowledged that Shirley Johnson held part-time jobs during that period, although no evidence was presented as to the amount of her earnings or other sources of support she may have had, nor was any evidence presented to show what amounts petitioner provided to his daughter for her support. The home was not owned by petitioner, although he claimed at trial that he paid the utilities and the groceries for all the occupants of the home. Petitioner, however, maintained no records to document the amounts that were expended by him and, in particular, the amounts spent for his daughter. His mother and aunt were both receiving retirement benefits and presumably shared in some of these expenses. On this record, the Court concludes that petitioner failed to establish that he provided more than half of La Toya Johnson's support during 2000. Respondent is sustained on this issue.

The second issue is whether petitioner is entitled to head-of-household filing status for the year at issue. Section 2(b) provides generally that an individual shall be considered a head-of-household if, among other requisites not pertinent here, such individual maintains as his home a household that constitutes for more than one-half of such taxable year the principal place of

abode, as a member of such household, of an unmarried son or daughter of the taxpayer. See sec. 2(b)(1)(A)(i).

The evidence fails to establish that petitioner maintained as his home "a household" that constituted the principal place of abode for La Toya Johnson. Petitioner did not own the home where he resided (for only half the year), and his claim to paying the costs for utilities and food for maintenance of the household does not satisfy the Court that petitioner "maintained" a household during the year at issue. Respondent, therefore, is sustained in the disallowance of petitioner's claimed head-of-household filing status.

The final issue is petitioner's claim to the earned income credit. Section 32(a) provides for an earned income credit in the case of an eligible individual. Section 32(c)(1)(A), in pertinent part, defines an "eligible individual" as an individual who has a qualifying child for the taxable year. Sec. 32(c)(1)(A)(i). A qualifying child is one who satisfies a relationship test, a residency test, an age test, and an identification requirement. See sec. 32(c)(3). To satisfy the age test, the qualifying child must not have attained the age of 19 as of the close of the calendar year in which the taxable year of the taxpayer begins. Sec. 32(c)(3)(C)(i). Petitioner's daughter, La Toya Johnson, attained age 20 on October 4, 2000. Therefore, petitioner's daughter does not satisfy the age test

and, therefore, was not a qualifying child for purposes of the earned income credit. However, section 32(c)(1)(A)(ii) allows an earned income credit to an "eligible individual" if such individual does not have a qualifying child but satisfies the following conditions:

(1) Such individual's principal place of abode was in the United States for more than one-half of the taxable year;

(2) the individual had attained age 25 and not attained age 65 on or before the close of the taxable year; and

(3) such individual was not a dependent for whom a deduction is allowable under section 151 to another taxpayer for the taxable year at issue. Sec. 32(c)(1)(A)(ii)(I), (II), and (III).

On this record, the Court is satisfied that petitioner was at least 25 years of age and had not attained age 65 prior to 2000. Accordingly, the Court holds that petitioner is entitled to the earned income credit under section 32 as an eligible individual with no qualifying children. Sec. 32(b)(1)(A).

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

under Rule 155.