T.C. Summary Opinion 2006-2


UNITED STATES TAX COURT


SHANE NOLAN AND MONIKA ANNE LEWIS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4152-04S.          Filed January 3, 2006.

Shane Nolan and Monika Anne Lewis, pro se.

<u>Nhi T. Luu-Sanders</u>, for respondent.


COUVILLION, <u>Special Trial Judge</u>:  This case was heard pursuant to section 7463 in effect when the petition was filed.[1] The decision to be entered in this case is not reviewable by any other court, and this opinion should not be cited as authority.

---

[1]Unless otherwise indicated, section references hereafter are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioners' Federal income tax for 2002 in the amount of $2,697.

At trial, respondent conceded that petitioners are entitled to a disallowed dependency exemption deduction for one of two children claimed as dependents on their 2002 income tax return as well as the section 24 child care credit with respect to that child.  The remaining issue for decision is whether petitioners are entitled under section 151 and related sections to the dependency exemption deduction for another child and the child care credit for that child claimed on their 2002 return.

Some of the facts were stipulated.  Those facts, with the exhibits annexed thereto, are so found and are made part hereof.  Petitioners' legal residence at the time the petition was filed was Vancouver, Washington.[2]

Petitioners have one child of their marriage.  As noted above, respondent conceded at trial petitioners' entitlement to the dependency exemption deduction and the section 24 child care credit with respect to that child.  The issue is whether petitioners are entitled to the dependency exemption deduction

---

[2]This case is decided without regard to the burden of proof. Sec. 7491(a).

and the child care credit with respect to another child of Shane Nolan Lewis (petitioner).[3]

The child was born on November 4, 1993. Petitioner and the child's mother (the mother) were never married. Petitioner and the mother shared joint legal and physical custody of the child. By court decree, the mother was declared custodial parent, and petitioner was designated the noncustodial parent. During the year at issue, 2002, the child lived with his mother and her parents at Anderson, California. The child had extended visits with petitioners during 2002, but the longevity of his combined visits was considerably less than one-half of the taxable year, approximately 98 days.

During 2002, petitioners provided both financial and medical support for the child. The support consisted of child support payments, tuition for special classes, dental expenses, and approximately $430 for clothing and miscellaneous expenses. In addition, petitioner's health insurance coverage with his employer also included the child, the cost of which did not require payment of any additional premium by petitioner. The total monetary support provided by petitioners during 2002 was approximately $5,502.

---

[3]Throughout the opinion, references to "the child" are to this child and not the child as to whom respondent conceded the dependency exemption deduction and child care credit adjustments.

On their Federal income tax return for 2002, petitioners claimed a dependency exemption deduction for the child and the section 24 child care credit. In the notice of deficiency, respondent disallowed the dependency exemption deduction and the child care credit.

Petitioners did not attach to their 2002 income tax return a consent from the child's mother, Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, or a Form 2120, Multiple Support Agreement, wherein the grandparents and the mother of the child consented to petitioners' claiming the child as a dependent on their 2002 Federal income tax return.[4] Petitioners nevertheless claimed the child as a dependent on their 2002 Federal income tax return. Respondent disallowed the dependency exemption deduction for the reason that petitioners had not established they were entitled to the exemption because

---

[4]The Form 2120 is an acknowledgment by a group of contributors who have collectively provided over one-half of a dependent's support for a calendar year and who may annually designate one of their number to claim the dependency exemption deduction for the dependent. The taxpayer who is designated as entitled to claim the dependency exemption deduction must attach a statement to his return identifying each member of the supporting group and, in general, comply with sec. 1.152-3, Income Tax Regs. Petitioners testified that they had solicited a multiple support agreement from the grandparents and the mother to allow petitioners the dependency exemption deduction for 2002; however, the grandparents and the mother declined. Petitioners also solicited a consent from the mother to allow petitioners the dependency exemption deduction, and she also declined that request.

the mother of the child, pursuant to the court decree, had primary physical custody of the child.

Section 151(c) allows taxpayers to deduct an annual exemption amount for each dependent as defined in section 152. Under section 152(a), the term "dependent" means certain individuals, such as a son, daughter, stepson, or stepdaughter, "over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under section (c) or (e) as received from the taxpayer)".

The support test in section 152(e)(1) applies if:  (1) A child receives over half of his support during the calendar year from his parents; (2) the parents are separated under a written separation agreement or live apart at all times during the last 6 months of the calendar year; and (3) such child is in the custody of one or both of his parents for more than one-half of the calendar year.  If these requirements are satisfied, the "child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year (* * * referred to as the 'custodial parent')", sec. 152(e)(1)(B), thus allowing the dependency exemption deduction to be claimed by the "custodial parent".

Section 1.152-4(b), Income Tax Regs., provides that custody is determined by the terms of the most recent decree of divorce or separate maintenance, or subsequent custody decree, or, if none, a written separation agreement. Since petitioner and the mother were never married, there was no decree of divorce or separate maintenance severing their relationship. However, in a subsequent court decree, the mother was decreed as having principal custody of the child. Under section 1.152-4(b), Income Tax Regs., the mother was the child's custodial parent. Therefore, the mother was entitled to the dependency exemption under section 152(e)(1), if she and petitioner provided more than one-half of the child's support, unless petitioners met one of the exceptions set forth in section 152(e).

The first exception, section 152(e)(2), allows the noncustodial parent the dependency exemption if, among other requirements not at issue here, the custodial parent signs a written declaration that such parent will not claim the child as a dependent for such taxable year. The appropriate vehicle for that purpose is Form 8332. Petitioners sought but were not successful in obtaining such a release from the mother. The other relevant exception, section 152(e)(4), requires a multiple support agreement (see supra note 4) whereby petitioners would have been allowed the dependency exemption deduction by the other parties providing support to the child. The other parties who

provided support were the child's mother and her parents. That also was not agreed to by the child's mother and her parents.

One of the express conditions of section 152(e)(1) is that the child claimed as a dependent receive over half of his support during the calendar year from his parents, among other requirements not pertinent here. As noted above, the child, during the year in question, lived with the grandparents along with his mother. There was no evidence offered to show the amount of support the grandparents provided or the amount of support the mother provided. Although petitioners provided $5,502 in support, petitioners have not established that this amount constituted more than one-half of the total support provided to the child that year by petitioners, the child's mother, and the child's grandparents.

Section 1.152-1(a)(2)(i), Income Tax Regs., provides that, in determining whether an individual received over half of his support from the taxpayer, "there shall be taken into account the amount of support received from the taxpayer as compared to the entire amount of support which the individual received from all sources, including support which the individual himself supplied." In Blanco v. Commissioner, 56 T.C. 512, 514-515 (1971), this Court held that, in establishing that more than one-half of a dependent's support has been provided, a prerequisite to such a showing is the demonstration by competent evidence of

the total amount of the dependent's support from all sources for that year. If the amount of total support is not established and cannot be reasonably inferred from competent evidence available to the Court, it is not possible to conclude that the taxpayer claiming the exemption provided more than one-half of the support of the claimed dependent. Batson v. Commissioner, T.C. Memo. 2000-172.

Petitioner did not meet any of the exceptions to section 152(e)(1). Therefore, assuming that petitioner and the mother together provided over one-half of the child's support, the mother is entitled to the dependency exemption for the child pursuant to section 152(e)(1) as the custodial parent. In the event that petitioner and the mother did not provide over one-half of the child's support (e.g., such support was provided by the grandparents), it follows that petitioners are not entitled to deduct the dependency exemption for the child pursuant to section 152(a). Although petitioner provided $5,502 in support, petitioners have not established that this amount constituted more than one-half of the total support provided to the child by petitioner, the child's mother, and the child's grandparents.

The second issue is respondent's disallowance of the child tax credit claimed by petitioners under section 24. Section 24 allows a credit against the tax for any qualifying child under the age of 17. However, a qualifying child is an individual for

whom the taxpayer can claim a dependency exemption deduction and is the son or daughter of the taxpayer.  Since petitioners are not entitled to the dependency exemption deduction for the child for the year at issue, it follows that they are not entitled to the section 24 child tax credit.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered under Rule 155.