T.C. Summary Opinion 2006-73

UNITED STATES TAX COURT

UNTAYIA L. CHIZER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7364-05S.                 Filed May 3, 2006.

Untayia L. Chizer, pro se.

<u>R. Scott Shieldes</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  Unless otherwise
indicated, subsequent section references are to the Internal
Revenue Code as in effect for the taxable year at issue, and all
Rule references are to the Tax Court Rules of Practice and
Procedure.  The decision to be entered is not reviewable by any

other court, and this opinion should not be cited as authority.

Respondent determined for 2003 a deficiency in petitioner's Federal income tax of $4,991.

The issues for decision are whether petitioner is entitled to: (1) Deductions for dependency exemptions; (2) head of household filing status; (3) the earned income credit; and (4) the additional child tax credit.

The stipulated facts and exhibits received in evidence are incorporated herein by reference. At the time the petition was filed, petitioner resided in Houston, Texas.

## Background

During 2003, petitioner resided in a household with her mother, father, brother, sister, and her sister's two children. Petitioner filed her Federal income tax return for 2003 as head of household, reported adjusted gross income of $13,088, and claimed two dependency exemptions, CC and BD,[1] the earned income credit, and the additional child tax credit.

In a letter to respondent in 2004, petitioner stated that with regard to BD: "I do not have the documentation necessary to claim this person thus I am eliminating her as a dependent." The letter enclosed a birth certificate for CC, petitioner's own statement that she paid for "at least half of the support of my brother", and a notarized statement from her mother to the effect

---

[1] The Court only uses initials of minor children.

that for 2003 petitioner paid a "portion" of her brother's support and provided him "a place of residence". Petitioner also sent with the letter evidence that CC was enrolled in the Lane School during part of "grading period 5" and all of "grading period 6".

## Discussion

The Commissioner's determinations are presumed correct, and generally taxpayers bear the burden of proving otherwise.[2] Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933).

### Dependency Exemption

Petitioner claimed deductions for two dependency exemptions for 2003 which respondent disallowed in the notice of deficiency. Section 151(c)(1) allows a taxpayer to deduct an exemption amount for each qualifying "dependent" whose income is under the exemption amount. A "dependent" means certain individuals, including a brother, over half of whose support for the year was received from or is treated as received from the taxpayer. Sec. 152(a).

To qualify for a dependency exemption deduction, a taxpayer must establish the total support cost expended on behalf of a claimed dependent from all sources for the year and demonstrate

---

[2]Petitioner has not raised the issue of sec. 7491(a), which shifts the burden of proof to the Commissioner in certain situations. The Court concludes that sec. 7491 does not apply here because petitioner has not produced any evidence that establishes the preconditions for its application.

that she provided more than half of this amount.  See <u>Archer v. Commissioner</u>, 73 T.C. 963, 967 (1980); <u>Blanco v. Commissioner</u>, 56 T.C. 512, 514-515 (1971); sec. 1.152-1(a)(2)(i), Income Tax Regs.

The term "support" includes food, shelter, clothing, medical and dental care, education, and the like.  Sec. 1.152-1(a)(2)(i), Income Tax Regs.  The total amount of support for each claimed dependent furnished by all sources during the year in issue must be established by competent evidence.  <u>Blanco v. Commissioner</u>, <u>supra</u> at 514; sec. 1.152-1(a)(1), Income Tax Regs.  The amount of support that the claimed dependent received from the taxpayer is compared to the total amount of support the claimed dependent received from all sources.  Sec. 1.152-1(a)(2)(i), Income Tax Regs.

Petitioner testified that "I feel that I should claim my brother as a dependent."  When asked by the Court for her proof of support, petitioner replied:  "Well, I don't have that proof." Petitioner has already admitted that she has no proof of support for BD.

The Court sustains respondent's determination that petitioner is not entitled to dependency exemption deductions for 2003.

Head of Household

Petitioner filed as a "head of household" for 2003.  In the notice of deficiency, respondent determined petitioner's proper

filing status to be single.

Section 1(b) imposes a special tax rate on individuals filing as "heads of households". "Head of household" is defined in section 2(b) as an unmarried individual who maintained as his home a household which constitutes for more than one-half of the taxable year the principal place of abode for specific family members. See sec. 2(b)(1)(A). A taxpayer is considered to be maintaining a household only if over half the cost of maintaining the household during the taxable year is furnished by the taxpayer. Sec. 2(b).

Petitioner produced no evidence to show that she provided over half the cost of maintaining the household during 2003. Therefore, respondent's determination on this issue is sustained.

Earned Income Credit

Petitioner claimed the earned income credit for taxable year 2003 for two "qualifying children". Respondent determined that petitioner is not entitled to the earned income credit for 2003.

Section 32(a)(1) allows an eligible individual an earned income credit against the individual's income tax liability. Section 32(a)(2) limits the credit allowed, and section 32(b) prescribes different percentages and amounts used to calculate the credit based on whether the eligible individual has no qualifying children, one qualifying child, or two or more qualifying children.

To be eligible to claim an earned income credit with respect

to a qualifying child, a taxpayer must establish, inter alia, that the child bears a relationship to the taxpayer prescribed by section 32(c)(3)(B), that the child meets the age requirements of section 32(c)(3)(C), and that the child shares the same principal place of abode as the taxpayer for more than one-half of the taxable year as prescribed by section 32(c)(3)(A)(ii).

Under the relationship test, a brother would qualify if petitioner had shown that she cared for the child as "her own child". Sec. 32(c)(3)(B)(i)(II). Petitioner has offered no evidence that she cared for her brother as if he were her own child.

Although petitioner is not eligible to claim an earned income credit under section 32(c)(1)(A)(i) for a qualifying child, she may be an "eligible individual" under section 32(c)(1)(A)(ii) even if she does not have any qualifying children. For 2003, a taxpayer is eligible under this subsection only if her adjusted gross income was less than $11,230. Rev. Proc. 2002-70, 2002-2 C.B. 845. Petitioner's adjusted gross income was $13,088.

Accordingly, petitioner is not eligible for an earned income credit. Respondent's determination on this issue is sustained.

Additional Child Tax Credit

For 2003, petitioner did not claim a child tax credit, but she claimed an "additional child tax credit" of $259. Respondent

determined that petitioner is not entitled to an additional child tax credit for 2003.

Section 24(a) authorizes a child tax credit with respect to each qualifying child of the taxpayer. The term "qualifying child" is defined in section 24(c). A "qualifying child" means an individual with respect to whom the taxpayer is allowed a deduction under section 151, who has not attained the age of 17 as of the close of the taxable year and who bears a relationship to the taxpayer as prescribed by section 32(c)(3)(B). Sec. 24(c)(1). Because petitioner has not shown that she is entitled to a deduction under section 151 for a "qualifying child", she is not entitled to a child tax credit.

The child tax credit is a nonrefundable personal credit that was added to the Internal Revenue Code by the Taxpayer Relief Act of 1997, Pub. L. 105-34, sec. 101(a), 111 Stat. 796, with a provision for a refundable credit, the "additional child tax credit", for families with three or more children. For taxable years beginning after December 31, 2000, the additional child tax credit provision was amended to remove the restriction that only families with three or more children are entitled to claim the credit. See sec. 24(d)(1); Economic Growth and Tax Relief Reconciliation Act of 2001, Pub. L. 107-16, sec. 201(c)(1), 115 Stat. 46.

In the absence of other nonrefundable personal credits, a

taxpayer is allowed to claim a child tax credit in an amount that is the lesser of the full child tax credit or the taxpayer's Federal income tax liability for the taxable year.  See sec. 26(a).

If the child tax credit exceeds the taxpayer's Federal income tax liability for the taxable year, a portion of the child tax credit may be refundable as an "additional child tax credit" under section 24(d)(1).  Because petitioner is not entitled to a child tax credit, she is not entitled to an additional child tax credit.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.